ELAINE ADAMS, APPELLANT, *v.*
JACK C. ADAMS, RESPONDENT.

No. 5590

January 29, 1969                    450 P.2d 146

[Rehearing denied March 10, 1969]

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*Dorsey & Taylor,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant Elaine Adams and respondent Jack C. Adams, were married on March 2, 1954, in Las Vegas, Nevada. On June 29, 1964, a grant, bargain and sale deed was executed to Jack C. Adams and Elaine Adams, husband and wife, as joint tenants.

On August 20, 1964, appellant filed a complaint for divorce alleging therein that there was certain community property owned by the parties. Respondent filed his answer and admitted the existence of the community property.

On the same day the court ordered, as part of its final decree: "That at such time as the community property of the parties hereto, to-wit: residence dwelling located at 1200 Tumbleweed Ave., Las Vegas, Nevada, is sold, the proceeds be divided equally between the parties hereto."

The property described in the decree of divorce was never sold. On October 19, 1967, Jack Adams died, and on December 18, 1967, his son, Donald S. Adams, moved under NRCP 25(a)[1] for leave to be substituted as special administrator for deceased party and for construction of the decree of divorce. On January 8, 1968, the lower court ordered his substitution, and on March 7, 1968, entered its order stating that the

---

[1]NRCP 25(a): "(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

interest of the defendant (respondent) was of such a nature as to survive the death of the defendant (respondent).

This appeal is taken from the substitution of Donald S. Adams for Jack C. Adams, and the order construing the decree of divorce.

A trial court of general jurisdiction has the inherent power to construe its judgments and decrees, Grenz v. Grenz, 78 Nev. 394, 374 P.2d 891 (1962); Murphy v. Murphy, 64 Nev. 440, 183 P.2d 632 (1947); Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A.L.R. 824 (1929). However, we find that here the decree of divorce is not ambiguous in the disposition of the property and therefore there is no basis for construction by the lower court.

The lower court specifically found that the subject property was community property. We find as a matter of law that the decree of divorce, upon its entry, changed the tenancy of the parties in the property from that of a community estate to that of tenants in common. Bank v. Wolff, 66 Nev. 51, 202 P.2d 878 (1949).

In Johnson v. Gardner, 233 Fed. 756 (D.C.D. Nev. 1916), the court held that "[t]he divorce terminated the community, as well as the marriage, and put an end to any right which either spouse may have had in or to the property of the other. (Citations omitted). Thereafter the interest of the former husband and wife in the property was that of tenants in common."

NRCP 25(a) authorizes substitution for a deceased party only if his claim is not extinguished. At the time the court granted Donald S. Adams's motion for substitution, there existed no claim or right of the deceased defendant to be litigated, decided or construed. Here the right to construction of the decree of divorce was extinguished before death rather than by reason thereof, rendering the order of substitution entered by the lower court void.

Furthermore we find that under no other rule, statute or theory of the law is the respondent entitled to relief from the clear meaning of the original decree of divorce.

Upon our finding that the order substituting the special administrator for the deceased defendant is void, we do not reach or decide the appellant's remaining specifications of error.

The orders appealed from are reversed, and the lower court is directed to enter an order denying respondent's motion.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.