**Velta D. ROSSER, Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.**

**No. 5560.**

District of Columbia Court of Appeals.

Argued Feb. 16, 1971.

Decided April 20, 1971.

Stephen Kurzman, Washington, D. C., for appellant.

S. Churchill Elmore, Washington, D. C., for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

This appeal challenges an order of the court below granting summary judgment in an action to recover from a stock broker certain shares of stock or their value.

Appellant is and was, at the time she filed her complaint, a citizen of the State of California. Appellee is a stock broker conducting, in the District of Columbia and in various states, including the States of California and Oregon, a stock brokerage business.

The facts are not in dispute. Commencing sometime in 1959 appellant and

---

3. *See* Barr v. Rhea Radin Real Estate, Inc., D.C.App., 251 A.2d 634 (1969).

one Horace R. Skinner, to whom she was then married, maintained with appellee, at its office in Fresno, California, joint account numbered 260–11622 with right of survivorship, to which was credited, at the time this controversy arose, 108 shares of common stock of the Sperry Rand Corporation.

On May 5, 1960, appellant and Horace R. Skinner entered into a Property Settlement Agreement by which, consistent with their expressed mutual wish and desire, they undertook to effect a full and final adjustment of all their property rights. Insofar as it is here pertinent, the agreement provided:

SECOND: That each of said parties shall have an immediate right to dispose of or bequeath by will * * * all property set over to either of the parties hereto under this Agreement.

*   *   *   *   *   *

FIFTH: The property of the parties hereto shall be divided between the parties as follows, to wit:.

*   *   *   *   *   *

B. The Husband shall receive and there is set aside to him as his sole and separate property the following:

*   *   *   *   *   *

(2) 100 shares of common stock of Sperry-Rand Corporation, held by Merrill Lynch, Pierce, Fenner & Smith, securities brokers, and having a present value of approximately $2,050.00;

*   *   *   *   *   *

ELEVENTH: It is hereby agreed that this Agreement shall be referred to in any * * * Final Decree of Divorce * * * between the parties hereto that may hereafter be entered, and shall be made a part thereof, and shall constitute a full and final settlement of all of the property rights of the parties hereto.

Thereafter, appellant on May 9, 1960, obtained a divorce by a Nevada decree in which

IT [WAS] FURTHER ORDERED, ADJUDGED AND DECREED that that certain Property Settlement Agreement made and entered into by and between the parties hereto on the 5th day of May, 1960, settling all community and other property rights of the parties hereto, be, and the same is hereby allowed, confirmed, ratified and approved, and incorporated by reference herein, as though fully set forth, and the parties hereto, and each of them, are hereby ORDERED to comply with all of the terms and conditions therein contained.

As provided in the Property Settlement Agreement, Horace R. Skinner transferred to appellant all property which, by the FIFTH paragraph thereof, was set aside as her sole and separate property. Likewise appellant transferred to Horace R. Skinner all property which, by such paragraph, was set aside as his sole and separate property, with one exception. She did not, for reasons which do not clearly appear from the record, assign to Horace R. Skinner her interest in the stock and securities credited to the joint account.

Horace R. Skinner died testate on June 27, 1966, a domiciliary of Hood River, Oregon. By the terms of his will dated February 2, 1961, and which was admitted to probate in a circuit court of the State of Oregon, August 12, 1966, Katharine Parkhurst, the decedent's sister, of Hood River, Oregon, was named sole beneficiary and executrix of the estate, with whom one Denton G. Burdick was appointed to serve as executor.[1]

Asserting a right of survivorship to the Sperry Rand stock and other securities

---

1. Neither Katharine Parkhurst nor Denton G. Burdick was a party to the proceedings below.

credited to joint account numbered 260–11622, appellant, after making repeated demands upon appellee at its offices in Fresno, California, and Portland, Oregon, commenced in the court below the action which is the subject of this appeal.

Appellee, by its answer, denied any liability to appellant alleging, *inter alia,* that pursuant to the Property Settlement Agreement mentioned above all such shares of stock and other securities credited to joint account numbered 260–11622 became, on and after May 5, 1960, the sole and separate property of the late Horace R. Skinner. Appellee then represented that it was holding to the credit of Horace R. Skinner in its account numbered 311–36053 the shares of stock and other securities theretofore credited to the joint account.

The case was considered and disposed of on cross-motions for summary judgment and the court below on October 5, 1970, found for appellee. We affirm.

Appellant's principal contention is that, because the late Horace R. Skinner made no demand upon her to execute, pursuant to the provisions of the Property Settlement Agreement, an assignment of her interest in the joint account, upon his death on June 27, 1966, all property rights in the shares of stock and other securities credited to the account passed to her by right of survivorship.

What has apparently escaped the attention of appellant is that, upon entry on May 9, 1960, of the Nevada divorce decree, such property rights in joint tenancy as then obtained were dissolved. Adams v. Adams, 85 Nev. 50, 450 P.2d 146 (1969). *See and compare:* Benson v. United States, 442 F.2d 1221 (D.C. Cir., 1971) and Sebold v. Sebold, U.S.App.D.C. (No. 23,014, decided February 12, 1971).

Thus, the Nevada divorce decree, which incorporated by reference the Property Settlement Agreement, was thereafter controlling with respect to all property rights of the parties. Adams v. Adams, *supra.* *See also,* in this connection, Holm v. Shilensky, 388 F.2d 54, 57 (2d Cir., 1968), where it was said:

> * * * [U]nder Nevada law, when in adjudication in a divorce action a previously-executed separation agreement is ratified, adopted, or approved by the court by reference thereto, the decree or judgment rendered by the court has the same force and effect and legal consequences as if the separation agreement were copied into or attached to the divorce decree. Nevada Rev.Stats. § 123.080(4); see Ballin v. Ballin, 78 Nev. 224, 371 P.2d 32 (1962) (section applies to property settlement agreements as well as support and maintenance agreements). * * *

Because it was the clear intention of the parties to the Property Settlement Agreement that, as expressed in the FIFTH paragraph thereof, the shares of stock in question should become the sole and separate property of the late Horace R. Skinner, the relief sought by appellant, if granted, would have required a modification of the Nevada divorce decree. But, as the court said in Holm v. Shilensky, *supra*, at 57,

> * * * [a] Nevada divorce court's adjudication of property rights is modifiable [only] if the decree itself provides that it is modifiable, or if both parties to the divorce present to the court a signed and acknowledged stipulation of modification. Nevada Rev.Stats. § 125.-150. * * *

There, as here, neither of the conditions was satisfied.

Under the circumstances, the trial court was required, by the Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, and also 28 U.S.C. § 1738, to give "credit, validity and effect" to the Nevada decree. Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Davis v. Davis, 305 U.S. 32, 39,

59 S.Ct. 3, 83 L.Ed. 26 (1963); Alton v. Alton, 347 U.S. 610, 74 S.Ct. 736, 98 L.Ed. 987 (1954); Wilburn v. Wilburn, D.C.App., 210 A.2d 832, 834 (1965); Wolf v. Wolf, D.C.Mun.App., 162 A.2d 776, 777 (1960); Sebold v. Sebold, *supra*.

We hold therefore that, on and after the entry on May 9, 1960, of the Nevada divorce decree, by which appellant and her late husband were ordered to comply with all the terms and conditions of the Property Settlement Agreement, the shares of stock and other securities, credited at one time to appellee's joint account numbered 260–11622, became the sole and separate property of Harold R. Skinner and his successor in interest. From this it follows that the trial court did not err when it entered summary judgment for appellee and denied summary judgment to appellant.

The order of the court below is, accordingly, affirmed.