No. 12941

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ELLA JONES, Administratrix of
the Estate of Esther Flasted,
Deceased,

                    Plaintiff and Appellant,

        -vs-

MERLE K. FLASTED,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Sixteenth Judicial District,
              Honorable A. B. Martin, Judge presiding.

Counsel of Record:

    For Appellant:

        Denzil R. Young argued, Baker, Montana
        R. A. Smiley argued, Belle Fourche, South Dakota

    For Respondent:

        Gene Huntley argued, Baker, Montana

---

                            Submitted:  November 12, 1975

                              Decided:  JAN 14 1976

Filed: JAN 14 1976

*Thomas J. Kearney*
                                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the district court, Carter County, sitting without a jury, construing the terms of a divorce agreement entitled "PROPERTY SETTLEMENT", the terms of which were incorporated in the decree of divorce.

On September 27, 1960, Esther Flasted and Merle Flasted were divorced. In that decree the district court found that Merle and Esther had entered into a written property settlement. The court decreed:

> "* * * that the Court adopts the property settlement agreement and that the plaintiff [Esther] is allowed the sum of $250.00 a month for her support commencing September 1, 1960, as alimony * * *."

The remaining portion of the decree merely reiterated the terms of the agreement.

Inasmuch as the wording of that agreement is the basis for the action now under consideration, we set forth the agreement in full:

> "PROPERTY SETTLEMENT
>
> "This agreement between Esther Flasted and Merle Flasted:
>
> "WITNESSETH:
>
> "As a property settlement the Defendant agrees to pay to the Plaintiff the sum of $250.00 a month commencing September 1, 1960, for a term of 20 years as alimony, regardless of the statutes and whether she remarries or the Defendant's death, with the first three (3) years of the monthly payments payable in advance forthwith in the lump sum of $9,000. In addition, the Plaintiff is to receive one half of all income from any oil or mineral leases including royalty, bonus, and rentals from real estate standing of record in the defendant's name.
>
> "In addition, IT IS FURTHER AGREED that the defendant shall deliver to the Plaintiff the possession, on or before October 10, 1960, certain personal property belonging to the Plaintiff consisting of: Dishes, Silverware, Linens, Television set, and bric-a-brac, choice of any bed and chair. After the lump sum payment the $250.00 a month payments to commence October 1, 1963 and on the first day of each month thereafter, and

"IT IS FURTHER AGREED that the payments herein provided shall be a lien upon any real estate of record in the name of the Defendant."

Merle, the husband, abided by the terms of the agreement up to the time Esther, the wife, died on April 23, 1971. Since then Merle has ceased making any installment or periodic payments. Ella Jones, sister of Esther Flasted, was appointed administratrix of Esther's estate. Ella commenced this action claiming the estate was entitled to receive Esther's interest under the above agreement.

The administratrix contends that the agreement: (1) conveys an undivided one-half ownership in all mineral rights held by the Flasteds' at the time of the divorce in 1960; and (2) is a contract to give the divorced wife an amount equal to one-half of the value of the Flasted property at the time of the divorce and is therefore not terminable upon Esther's death but is now payable to Esther's estate.

Defendant Merle contends that the agreement was merely an agreement to provide support or alimony for his ex-wife and his obligations under the contract terminated when the object of the support became deceased.

After trial, the district court entered these conclusions of law:

"I. That the alimony provision contained in the agreement is a contractual and integral part of the agreement arising from claims of the parties at the time of divorce, and the same cannot be ignored or modified without the consent of the parties thereto.

"II. That the words, 'as alimony' were intended to cover the contingency of Esther Flasted's death, specific reference to that contingency having not otherwise been spelled out in the agreement.

"III. That the benefits conferred upon Esther Flasted by the agreement and decree of divorce were for her support until her death, or for a period of twenty years, whichever occurred first.

"IV. That the phrase 'regardless of statutes' is not inconsistent with the provision made by the parties and the divorce decree for support of Esther Flasted.

"V. While the agreement recites that it constitutes a 'property settlement,' the provisions contained therein refer only to matters concerning Esther Flasted's support. This same objective is also expressed in the complaint and decree filed in the divorce action. The Court concludes that the label 'property settlement' must yield to the expressions variously claimed and made for support of Esther Flasted.

"VI. That the provisions giving Esther Flasted one-half of the income from oil and mineral leases does not convey a fee title to minerals, but assigned only what the agreement provides, a one-half interest in the income, and that this was intended as additional support for Esther Flasted during her life time, but not to exceed twenty years.

"Now Therefore, It Is Hereby Adjudged and Decreed

"1. That the plaintiff take nothing by her complaint.

"2. That the defendant have his costs.

"3. That the interest of Esther Flasted of mineral income from defendant's property provided for in the annexed agreement terminated on her death and as of April 23, 1971.

"4. That the obligation of support of Merle K. Flasted toward Esther Flasted terminated on her death, April 23, 1971."

Plaintiff filed exceptions to the district court's findings of fact and conclusions of law. The exceptions were disallowed except for the correction of a minor error and plaintiff appealed to this Court from the final judgment.

The issue presented for review is whether the above quoted agreement passed permanent and continuing property rights to the ex-wife Esther or gave Esther only alimony rights terminating upon her death.

At the outset, we note in examining the agreement of the parties, the language of 17 Am.Jur.2d, Contracts, §§ 242,245, pp. 627,633:

"* * * It must be construed and enforced according to the terms employed, and a court has no right to interpret the agreement as meaning something different from what the parties intended as expressed by the language they saw fit to employ. * * *

"* * *

"* * * the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy."

In regard to the oil leases the administratrix contends that exhibits and testimony before the district court showing that Esther signed at least three oil and gas leases and the fact that she had received rentals on these leases points to a conclusion that Merle and Esther by their conduct interpreted the agreement as conveying an undivided one-half interest in the mineral rights.

Merle's testimony on this point is to the effect that Esther "didn't have to sign them. There was a lot of them she didn't sign." It was never shown that Esther signed all leases. The fact that Esther received rents from the leases indicates nothing more than that the terms of the agreement were being abided by--it indicates no proof of ownership.

In any case, this is not sufficient to transfer the claimed interest to the divorced wife. In Hochsprung v. Stevenson, 82 Mont. 222, 234, 266 P. 406, this Court observed:

"It is as a general rule necessary that a deed contain operative words of grant * * *; that a deed without words of conveyance passes no title * * *; and that, if an instrument has no words of conveyance, the courts have no right to put them in by interpretation * * *. The intention of the grantor in a deed is to be gathered from a consideration of the entire instrument, taking into consideration all of its provisions, and every part must be given effect if reasonably practicable and consistent with its evident purpose and operation, 'not, indeed as it is presented in particular sentences or paragraphs, but according to its effect when viewed as an entirety.' (R. M. Cobban Realty Co. v. Donlan, 51 Mont. 58, 149 Pac. 484 * * *.)"

Taking this agreement by its four corners, we do not find either words or meaning evidencing an intent to convey an undivided one-half interest in mineral rights. Rather, the language is clear and unambiguous--the ex-wife was to receive one-half the income

from the mineral rentals for her support and not to exceed 20 years.

The administratrix further contends that (1) the title of the agreement, i.e., "PROPERTY SETTLEMENT", (2) the phrase "as a property settlement" in the first sentence, (3) the phrase "regardless of the statutes or whether she remarries or the defendant's death", and (4) the fact that the payments total $60,000 over a 20 year period ($60,000 allegedly being one-half the value of the Flasted property at the time of the divorce) all taken together lead to the conclusion that the agreement is a division of property, a property settlement, and not merely an agreement for support.

There is a distinction between a property settlement on the one hand, and a contract to pay stated sums periodically in lieu of alimony on the other hand. This Court stated in Stefonick v. Stefonick, 118 Mont. 486, 501, 167 P.2d 848:

> "It is well settled that in this jurisdiction alimony is no way a property settlement, but is the provision made for the support of the wife. * * *"

This is true whether the alimony award is made payable in installments or in a lump sum. Alimony payable in installments is preferred under under Montana case law. Stefonick v. Stefonick, supra; State ex rel. Tong v. District Court, 109 Mont. 418, 96 P. 2d 918; Bristol v. Bristol, 65 Mont. 508, 211 P. 205; Lewis v. Lewis, 109 Mont. 42, 94 P.2d 211.

On the other hand, a property settlement settles property rights and may or may not mention the additional item of alimony. In 24 Am.Jur.2d, Divorce and Separation, § 883, p. 1003, it is stated:

> "* * * Commonly, such a settlement (1) determines the rights of the parties in jointly owned property and states the disposition to be made of it; (2) settles all claims of each spouse in the property of the other and claims of each spouse to title to property held in the name of the other; (3) mutually releases all past and present claims except as established by

the agreement; (4) waives and releases all future rights as spouse in the property of each other; (5) surrenders the rights of each on the death of the other, including rights of inheritance, homestead, dower, and the right to administer the estate of the other and to have exemptions and allowances from the estate; and (6) agrees that each will execute all documents necessary or desirable to carry out the purposes of the agreement."

The administratrix cites Washington v. Washington, 162 Mont. 349, 512 P.2d 1300, as a "case practically on all fours with the instant case." We do not agree. The six elements commonly found in a property settlement agreement [24 Am.Jur.2d, Divorce and Separation, § 883, p. 1003] are all in Washington.

In contrast, the "PROPERTY SETTLEMENT" agreement here involved satisfies none of the six named elements. Except for the disposition of certain minor personal property, there is no mention of the parties' rights in the ranch, livestock, house, debts, etc. Notwithstanding the agreement's title, and notwithstanding the administratrix's other contentions, this agreement--by its own language---does not transfer any property rights. It is purely and simply a contract to provide support for the ex-wife, the support to continue for 20 years if she should live that long. The contract therefore, by its very nature, is personal to the ex-wife and must terminate upon her death.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 7 -