No. 13241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

HELEN I. THOMPSON,

Plaintiff and Appellant,

-vs-

MARVIN E. THOMPSON,

Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Truman Bradford, Judge presiding.

Counsel of Record:

For Appellant:

John M. McCarvel argued, Great Falls, Montana

For Respondent:

E. F. Gianotti argued, Great Falls, Montana

---

Submitted: June 2, 1976

Decided: SEP 27 1976

Filed: SEP 27 1976

*Thomas J. Kearney*
Clerk

Hon. Edward T. Dussault, District Judge, sitting in place of Chief Justice James T. Harrison, delivered the Opinion of the Court:

This is an appeal from an order entered September 9, 1975 by the district court, Cascade County, based on amended findings of fact and conclusions of law modifying the decree of divorce entered July 13, 1972. The findings, conclusions and order appealed from construe the "SEPARATION AGREEMENT AND PROPERTY SETTLEMENT" which was incorporated in the decree of divorce.

This case was submitted on appeal on an agreed statement of facts which substantially states:

Plaintiff Helen I. Thompson and defendant Marvin E. Thompson were married on or about July 5, 1946 in Dubuque, Iowa, and re-married on or about January 22, 1949 in Tucson, Arizona. Since 1968 however, the parties did not cohabit or live together. No children were born as issue of either marriage.

On June 15, 1972, the parties entered into a "SEPARATION AGREEMENT AND PROPERTY SETTLEMENT". Plaintiff filed an action for divorce from defendant on the grounds of mental cruelty on June 16, 1972. On June 21, 1972, defendant executed an acknowledgment of service, waiver of rights, and consent to judgment, and an affidavit of non-military service. On July 11, 1972, these papers were filed in district court. On July 13, 1972, a praecipe for default of defendant was filed, his default entered, and a decree of absolute divorce was granted plaintiff from defendant. The "SEPARATION AGREEMENT AND PROPERTY SETTLEMENT" entered into between the parties on June 15, 1972, was incorporated into the decree of divorce.

As the interpretation of that agreement is the basis of this appeal, we set forth verbatim the pertinent portions:

"SEPARATION AGREEMENT AND PROPERTY SETTLEMENT

"THIS AGREEMENT, made and entered into this 15th day of June, 1972, by and between HELEN I. THOMPSON, of Great Falls, Montana, hereinafter referred to as 'Plaintiff', and MARVIN E. THOMPSON, of Great Falls, Montana, hereinafter referred to as 'Defendant'.

"WITNESSETH:

"WHEREAS, the parties hereto are presently, wife and husband, and irreconcilable differences have arisen between them making impossible the continuance of the marriage relation.

"AND WHEREAS, it is desired by the parties to achieve a legal separation and divorce, together with a property settlement and other agreements, upon as amicable basis as is possible under the circumstances, and with as little publicity attendant upon such proceedings as might be reasonably possible of attainment;

"NOW, THEREFORE, for and in consideration of the mutual promises and covenants hereinafter contained, to be done and performed by the parties hereto, each on his or her own part, and the prompt and full performance of the same, it is mutually agreed as follows:

"1. Plaintiff, immediately after the date of this agreement, will cause to be prepared and filed in Cascade County, Montana, an action for divorce against the above named Defendant * * * it being contemplated that said divorce will be obtained upon the terms and conditions hereinafter set forth; Defendant agrees that he will not in any way contest or hamper the obtaining of said divorce, acknowledging that grounds therefore exist * * *.

"2. PROPERTY DIVISION: By way of achieving an adequate division of property, together with other conditions so that Plaintiff will be provided for after said divorce, and with particular regard to her physical condition, it is agreed:

"a) Defendant will immediately cause to be prepared a good and sufficient quit claim deed, and will execute the same in favor of the Plaintiff, to the premises described as follows:

"Lot Numbered Two (2), Lesh Tracts, Great Falls, Montana, a metes and bounds description of which is as follows: * * * which is presently owned by both of the parties and located at 2014 5th Ave. S.W., Great Falls, Montana, which said deed will be subject to the presently existing contract indebtedness upon the premises. All sums and payments

- 3 -

therefor, including taxes and insurance, and any other levies, or assessments presently incurred or to be incurred in the future, shall be paid by the Defendant. Possession of same is presently in the Plaintiff * * *;

   "b) Defendant will execute and deliver immediately, a quit claim deed to the Plaintiff, of any interest he may have in the following described realty in Mohave County, Arizona;
         "Lot 4, Block B. GOLDEN SAGE RANCHOS UNIT 53,
         according to the plat of record in the office
         of the Mohave County Recorder, recorded December 7,
         1959, at Fee No. 91941.
         "* * *
and will thereafter have no further obligations concerning the Arizona parcel.

   "c) The executed deeds to the Cascade County realty and the Mohave County, Arizona realty, will at the time of the filing the divorce action, be placed in the hands of * * * in escrow, for delivery to Plaintiff on the date the divorce contemplated herein is granted, and in the case of the Cascade County property, for delivery to the escrow agent presently holding the documents under the existing contract for deed.

   "d) In addition to the realty, Plaintiff shall have title to, and possession of all furniture, equipment, fixtures, and furnishings in said residence.

   "e) * * *

   "f) [Stricken by parties and initialed].

   "g) IT IS FURTHER UNDERSTOOD AND AGREED that in the event Plaintiff shall pre-decease Defendant the premises referred to in paragraph 2a, if not otherwise disposed of by sale to a third party shall revert to the Defendant and to secure this later contingency Plaintiff agrees to, and has, executed her Last Will and Testiment devising said premises specifically to the Defendant in the event only that she should pre-decease him.

   "h) * * *

   "3. * * *

   "IN WITNESS WHEREOF, the parties hereto have set their hands and affixed their signatures this 15th day of June, 1972."

   The agreed statement of facts shows that plaintiff Helen continued to reside in the residence after the divorce and that the defendant Marvin, did make the payments on the contract for deed

- 4 -

as called for in the property settlement agreement.  However, plaintiff Helen remarried on October 9, 1973, and she and her new husband continued to live in the residence.  Defendant Marvin on April 9, 1975, after requesting the plaintiff to be relieved of the payments on the home, filed a petition for modification of the divorce decree, relieving him of the responsibility of making the payments pursuant to the property settlement agreement, contending that the payments on the residence were in fact alimony payments, and since plaintiff Helen had remarried, these payments should be terminated.  A hearing was held on June 5, 1975, at which time both parties appeared in person and with counsel and after oral argument the district court ordered the parties to file written briefs.  On September 9, 1975, the district court signed this Amended Findings of Fact, Conclusions of Law and Order:

"FINDINGS OF FACT

"I.  That the Decree of Divorce makes reference to a Property Settlement Agreement entered into by and between the parties, and incorporated into said Decree;

"II.  That said Separation Agreement and Property Settlement provided as follows:

"'That the Defendant would immediately prepare a Quit Claim Deed and execute the same in favor of the Plaintiff on a home located on Lot Number Two (2), Lesh Tracts, Great Falls, Montana, and in addition would pay all sums and payments therefore, including taxes, and any other levies or assessments presently incurred or to be incurred in the future.'

"III. That the Defendant made payments to the Plaintiff of the amount required for the house payments;

"IV. That subsequent to the divorce, Plaintiff remarried, and for a period of time exceeding six (6) months has resided in the home above listed with her present husband;

"CONCLUSIONS OF LAW

"I.  That the payments made to the Plaintiff for house payments constitutes support payments to the wife;

- 5 -

"II. That the provisions for support are not an integral part of the Property Settlement, and are in all respects separable therefrom and subject to subsequent modification by the Court in its discretion, on a proper showing of changed circumstances as provided in MOVIUS v. MOVIUS (Montana) 31 St. Reports Pg.29. Further, that this Conclusion is based upon Paragraph 2 Page 2 of the Property Division, which says as follows:

> "'By the way of achieving an adequate division of property, together with other conditions so that Plaintiff will be provided for after said divorce, and with particular regard to her physical condition.'

This wording implies that the house payment is for the the support of the wife;

"ORDER   IT IS HEREBY ORDERED that the Petition for Modification of the Divorce Decree be granted, and that any payments made by the Defendant MARVIN E. THOMPSON on the house now owned by the Plaintiff HELEN I. THOMPSON and located at 2014 Fifth Avenue Southwest shall cease immediately and Defendant shall be relieved of any further payments thereon."

Subsequent to the entry of the amended findings, conclusions and order as quoted herein, plaintiff filed her motion for reconsideration and vacating the amended findings, conclusions and order. The motion was heard orally and then submitted on briefs and on November 14, 1975, the court denied plaintiff's motion to vacate. This appeal followed.

The issues presented on appeal are:

1) Did the court err in its amended conclusion of Law No. I  in holding that the payments made to the plaintiff for house payments constitute support payments to the wife?

2) Did the court err in its amended conclusion of law No. II in holding that the husband's agreement with reference to transferring title to the residence was not an integral part of the property settlement agreement and separable therefrom?

We have examined the agreement of the parties and as this Court stated in Jones v. Flasted, _____ Mont._____, 544 P.2d 1231, 33 St.Rep.50,53, the langauage of 17 Am Jur 2d Contracts, §§ 242, 245, pp. 627,633, is applicable:

> "* * * It must be construed and enforced according to the terms employed, and a court has no right to interpret the agreement as meaning something different from what the parties intended as expressed by the language they saw fit to employ. * * *

> " * * *

> "* * * the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used and to give effect to such intent if it does not conflict with any rule of law, good morals, or public policy. * * *"

Unlike the Jones agreement, title to the residence did pass to plaintiff Helen, subject to the remaining payments on the escrowed contract for deed, and including taxes, other levies or assessments and insurance, all of which defendant Marvin agreed to pay.

Here, this provision is found under the heading "PROPERTY DIVISION". Also, the payments would cease if the residence was sold by Helen. If plaintiff Helen pre-deceased defendant Marvin, he would get the residence back by reason of a last will and testament devising same to him, which she agreed to execute and did.

We note also, defendant Marvin in transferring by quit claim deed to plaintiff Helen, any interest he had in the Mohave County, Arizona realty he would thereafter have no further obligations concerning the Arizona parcel.

In this case plaintiff Helen did not seek alimony or support from defendant Marvin in her complaint for divorce, nor is there

- 7 -

any mention made in the agreement of June 15, 1972 of any alimony or support payments to be made or paid by defendant Marvin to her.

Consequently, the district court erred in its conclusion of law No. I in holding that the provision for payment of contract for deed balance on the residence, including taxes, other levies or assessments and insurance by defendant Marvin constitutes support payments to plaintiff Helen.

The second issue concerns whether the provision agreed to by defendant Marvin was an integral and not separable part of the agreement and therefore not subject to modification by the court.

The district court cites as basis for its conclusion of law No. II Movius v. Movius, 163 Mont. 463, 468, 517 P.2d 884.

The facts in that case are not similar to the instant case. In Movius the wife sought alimony in her cross-claim for divorce and the decree made such an award pursuant to agreement of the parties. In Movius, the alimony payments terminated absolutely in the event of her remarriage. Not so here and no mention is made about remarriage by Helen. Like-wise, in Movius there was a drastic change in the ability of the husband to pay the alimony at the time of his petition for reduction in the payment, due to loss of income and ill health, all proven to the court by competent testimony. Also in Movius the alimony provisions were clearly alimony and not payments in settlement of property rights. Consequently the Court held in Movius:

>"In short, here there is no interrelation-
>ship between the alimony provisions and the property
>division that would destroy the rest of the contract
>if the amount of alimony payments were modified by
>the court. Absent such mutual interdependency, the
>alimony provisions of the agreement incorporated in
>the decree are not an integral part of the property
>settlement but are in all respects separable therefrom
>and subject to subsequent modification by the court
>in its discretion on a proper showing of changed circum-
>stances. * * *"

In the instant case, as in Washington v. Washington, 162 Mont. 349, 512 P.2d 1300, the provision agreed to by defendant Marvin is in fact an integrated part of the property settlement which cannot be severed therefrom without destroying the contract, and accordingly is not subject to subsequent modification by the court.

The trial court cannot, nor can this Court, rewrite the agreement for the parties herein, nor infer or imply from its language that which is not intended.

The order of the district court dated September 9, 1975, is vacated and set aside.

_____
Hon. Edward T. Dussault, District
Judge, sitting in place of Chief
Justice James T. Harrison.

We Concur:

_____

_____

_____

_____
Justices.

- 9 -