IRWIN KISHNER, APPELLANT, v. ELLEN CHRISTEN KISHNER, RESPONDENT.

No. 8077

April 11, 1977                           562 P.2d 493

[Rehearing denied September 23, 1977]

---

*Lionel Sawyer Collins & Wartman,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* Las Vegas, for Respondent.

## OPINION

By the Court, SMART, D. J.:[1]

On February 25, 1974, a judgment and decree was entered dissolving the marriage of the parties to this appeal and adjudicating their property rights and all matters pertaining to their minor children. The decree included the following provision:

---

[1]MR. JUSTICE GUNDERSON voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge Stanley Smart to participate in this case.

> Irwin Kishner shall pay . . . Ellen Christen Kishner lump sum alimony in the amount of $86,100.64, over a period of eleven (11) years, payable in the following monthly installments:
>
> Twenty-four (24) consecutive monthly installments of $1,250.00 each, payable on the 5th day of each month, commencing on March 5, 1974;
>
> Ninety-six (96) consecutive monthly installments of $583.34 each, payable on the 5th day of each month, commencing on March 5, 1976; and
>
> One (1) payment of $100.00 on the 5th day of March, 1985. . . .

No appeal was taken from this judgment and decree.

During August of 1974, Mrs. Kishner remarried, and on September 17, 1974, she filed a document styled, "Motion for Clarification," requesting a determination as to the effect of her remarriage on the obligation of Mr. Kishner under the alimony provision of the judgment and decree quoted above.

The district court subsequently entered a "Clarification of Decision" determining that the alimony provision was ambiguous, stating:

> It is the ruling of the Court, therefore, that the prior decision and judgment in this matter contemplated continued payments under the alimony award, irrespective of future contingencies such as death of the parties or remarriage of the wife. Furthermore, as a matter of law, the Court "otherwise ordered" within the contemplation of NRS 125.150(4).

Mr. Kishner appeals from the foregoing order, contending: (1) the provision for alimony in the judgment and decree was unambiguous, and the district court was, accordingly, without jurisdiction to "clarify" or construe it; and, (2) that, as a matter of law, NRS 125.150(4) automatically terminates his obligation to pay installments of alimony after Mrs. Kishner's remarriage.

We will consider these contentions in reverse order.

It should be noted initially that we are not here concerned with a provision in a judgment and decree of divorce which is, in whole or in part, a division of community property. In such a case, NRS 125.150(4) does not apply. Krick v. Krick, 76 Nev. 52, 348 P.2d 752 (1960). The payments ordered in the

judgment and decree in this case constituted alimony only, and neither party contends otherwise.

NRS 125.150 provides for the allowance of an award of alimony incident to the granting of a divorce. At the time of the entry of the judgment and decree and at the time of the subsequent proceedings in district court, the statute read, in part, as follows:

> 1. In granting a divorce, the court may award such alimony to the wife, and shall make such disposition of the community property of the parties, as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.
>
> . . .
>
> 4. In the event of the death of either party or the subsequent remarriage of the wife, all alimony awarded by the decree shall cease, unless it shall have been otherwise ordered by the court.[2]

Our statutes do not make any specific provision for the award of lump sum alimony or alimony in gross, as it is sometimes called. However, such awards have been made in this state and have received the approval of this court. *See, for example,* Sargeant v. Sargeant, 88 Nev. 223, 495 P.2d 618 (1972). A variety of reasons may lead a court to award lump sum alimony, but the result in every such case is to fully and finally fix the rights and obligations of the parties with respect to future support. Ziegenbein v. Damme, 292 N.W. 921 (Neb. 1940); Walters v. Walters, 99 N.E.2d 342 (Ill. 1951); Cummings v. Lockwood, 327 P.2d 1012 (Ariz. 1958); Horne v. Horne, 289 So.2d 39 (Fla.App. 1974).[3]

---

[2]NRS 125.150 was subsequently amended to permit alimony to be awarded to the husband under certain conditions and to provide for modification of unaccrued periodic payments of alimony ordered in any divorce decree entered on or after July 1, 1975. 1975 Nev. Stats. 1588. These amendments are not applicable to the present case.

[3]A number of the cases herein cited involved attempts to modify provisions for lump sum alimony payable in installments. We express no opinion as to whether such modification is permissible under our statutes, especially in light of the 1975 amendment which added § 6 to NRS 125.150. The cases are cited only for their underlying rationale as to the true purpose and nature of such an alimony award.

When a court awards lump sum alimony, a further determination is required: *i.e.,* whether the entire award should be payable immediately or in installments over a specified period of time. This determination, again, may rest on various factors, but generally involves either the ability of the husband to pay or the adverse tax consequences to him of such an award unless payable over a period of more than ten years.[4] *See* I.R.C. § 71.

The effect of remarriage by the recipient of alimony has been the subject of continuing and extensive litigation throughout this country. See cases collected in Annots., 48 A.L.R.2d 270 and 318 (1956). The greatest difficulty has arisen in connection with lump sum alimony, especially when payable in installments.

The nature and purpose of an award of lump sum alimony remains the same, whether it is payable immediately in full or periodically in installments. We concur with, and adopt, the following statements of the Nebraska Supreme Court in *Ziegenbein,* 292 N.W. at 923:

> Obviously, the purpose of both the court and the parties, in providing for or in accepting a gross allowance of alimony, is to define and fix with finality the scope of the rights and the obligations of the parties. In this case, it was designed to set the limits of the wife's right to alimony, and we have no doubt that the husband would have cushioned himself on the doctrine of vested rights, if the wife had attempted to institute proceedings to increase the amount. Without discussing the matter further, it is our view that an unqualified allowance in gross, in a divorce decree, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment. . . . If the judgment in this case was intended to be subject to a defeasance in case of the wife's remarriage [or death] it was necessary, since a vested right was involved, to have provided for such defeasance in the decree.

Application of NRS 125.150(4) to any award of lump sum

---

[4]The word "husband" is used here to designate the person obligated to pay alimony since that has been the customary situation in the past and is the actual situation in this case.

alimony would undermine the nature and contravene the purpose of such an award. The statute must be interpreted to avoid such a result, unless a clear legislative mandate appears requiring that result. We perceive no such mandate.

While, as previously pointed out, no specific statute of this state authorizes lump sum alimony, legislative authority has been found by this court in the provisions of NRS 125.150(3).[5] *Sargeant, supra.* As a practical matter, it would be difficult, if not impossible, to apply NRS 125.150(4) to an order entered under NRS 125.150(3). An order setting aside property is complete and final. Nothing remains which could be "terminated" under the provisions of NRS 125.150(4). However, even assuming that such an application of NRS 125.-150(4) is possible, we find nothing to reflect a legislative intention that it should so apply. Had the legislature intended such a result, we would think that NRS 125.150(4) would have made reference to orders under subsection (3) in addition to awards of alimony under subsection (1).

Accordingly, we hold that an award of lump sum alimony, whether payable immediately in full or periodically in installments, is not subject to termination under the provisions of NRS 125.150(4).

Appellant also contends that the protective orders entered by this court in connection with our opinion in *Sargeant, supra,* constituted an *implied* holding that NRS 125.150(4) applies to lump sum alimony awards. Whether such orders were actually required was not an issue in this case; furthermore, they were entered for reasons clearly stated in the opinion. Nothing in *Sargeant* should be read as inconsistent with our holding today.

The procedural issue raised by appellant, issue number one above, presents some problem in light of the foregoing holding. A district court of the state has inherent power to construe its judgments and decrees for the purpose of removing any ambiguity. Grenz v. Grenz, 78 Nev. 394, 374 P.2d 891 (1962); Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95 (1929). This power does not, however, extend to judgments and decrees which, as here, are not ambiguous. Adams v. Adams, 85 Nev. 50, 450 P.2d 146 (1969).

---

[5]Prior to the 1975 amendments referred to in n. 2, *supra,* NRS 125.-150(3) read as follows: "The court may also set apart such portion of the husband's property for the wife's support, and the support of their children as shall be deemed just and equitable."

Having determined that NRS 125.150(4) is inapplicable to lump sum alimony awards, it becomes apparent that the judgment and decree in this case was not ambiguous and therefore, the district court need not have given further definition to its ruling. Accordingly, the order appealed from is vacated and the decree heretofore entered is affirmed.

BATJER, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.