No.   93-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF
NANCY JOSEPHINE SCHARA,

     Petitioner/Appellant,

     and

JOHN LEE SCHARA,

     Respondent/Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Bruce E. Lee, Billings, Montana

     For Respondent:

     Kent E. Young, Red Lodge, Montana

FILED

AUG 5 - 1994

Filed:  *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   May 19, 1994

Decided:   August 5, 1994

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This action is before the Court on the former Nancy Josephine Schara's (Petitioner or Nancy) appeal from an order denying her "Motion to Construe and Enforce Decree." The Thirteenth Judicial District Court, Carbon County, determined that the lump sum maintenance allowance awarded to Nancy in the Final Decree of Dissolution of Marriage (decree) terminated upon her remarriage. We reverse and remand.

The issue is whether the lump sum maintenance obligation awarded to Nancy in the decree terminated upon her remarriage.

Nancy began this action by filing a Petition for Dissolution of her marriage from John Schara (Respondent or John) in the Thirteenth Judicial District Court, Carbon County. A Final Decree of Dissolution was signed by the Honorable G. Todd Baugh on August 11, 1989. The decree contained the following property settlement and maintenance provisions:

> 5. That the property of the parties be and it is hereby, distributed between the parties as follows:... Respondent is hereby ordered to pay the sum of $42,000.00 to Petitioner in a lump sum as soon as his [sic] is able to refinance the family home set over to him.
>
> 6. That the Respondent be, and he is hereby, ordered to pay the sum of $8,000.00 to Petitioner for her care, support and maintenance either as a lump sum if he is able to secure sufficient funds from refinancing the family home to pay said sum or at the rate of $160.00 per month for a period of 50 months, without interest.
>
> 7. That the Respondent be, and he is hereby, ordered to pay the sum of $1,000.00 to the Petitioner each month until he is able to refinance the family home, said sum constituting child support and spousal maintenance). [sic] His obligation for to pay [sic] the Petitioner the sum of $8,000.00 in maintenance shall be reduced by

2

$460.00 for each month during which he pays said sum to Petitioner.

On February 20, 1990, John refinanced the family home, borrowing $30,000.00, the maximum amount the lender would allow. After paying the underlying encumbrances and closing costs, John received the loan balance of $7,678.69.

The parties agree John made the following payments to Nancy:

| Date | Amount |
|------|--------|
| 08/16/89 | $ 254.64 |
| 08/16/89 | 230.16 |
| 09/15/89 | 460.00 |
| 10/15/89 | 460.00 |
| 11/14/89 | 460.00 |
| 12/14/89 | 24,460.00 |
| 01/15/90 | 460.00 |
| 02/25/90 | 16,175.20 |
| 06/16/90 | 160.00 |
| 08/31/90 | 75.00 |
| 10/15/90 | 85.00 |
| **Total Paid** | **$43,280.00** |

Nancy remarried on March 30, 1990. On October 5, 1992, Nancy filed a "Motion to Construe and Enforce Decree," asking the District Court to determine whether John's obligation of maintenance terminated upon her remarriage. In her supporting brief, Nancy argued that paragraph six of the decree was actually a property distribution provision.

By written order dated June 8, 1993, the Honorable William J. Speare denied the motion, finding that paragraph six of the decree was a maintenance provision and not a property distribution provision. The District Court also found that John's obligation to pay maintenance terminated upon Nancy's remarriage, and that John

3

had paid in full any maintenance obligation accruing before Nancy's remarriage.  Nancy appeals from this order.

## STANDARD OF REVIEW

This Court will review a district court's conclusion of law to determine whether the district court's interpretation of the law was correct.  In re the Marriage of Burris (1993), 258 Mont. 265, 269, 852 P.2d 616, 619. (Citation omitted).

## LUMP SUM MAINTENANCE

It should be noted initially that on appeal Nancy did not raise the issue concerning the District Court's finding paragraph six of the decree to be a maintenance provision as opposed to a property distribution provision.  Therefore, on appeal we will proceed with and assume as correct the District Court's conclusion that paragraph six of the decree is a maintenance provision.

John argues that absent special reasons or circumstances, the court should not award lump sum maintenance.  While the issue on appeal is whether such maintenance, if awarded, terminates on remarriage, we will first address John's argument against the validity of an award of lump sum maintenance in the first place.

John relies on 24 Am. Jur. 2d, Divorce and Separation § 635 (1983), for the proposition that:

> Ordinarily, in the absence of express statutory authorization or the consent of the parties, a court cannot award alimony in a gross sum in lieu of a periodical allowance.

Although our statutes do not make any specific provision for the award of lump sum maintenance payments, neither do they specifically prohibit such an award.  Moreover, this Court has

4

upheld the award of lump sum maintenance payments. See for example, In re the Marriage of Weed (1992), 254 Mont. 162, 168, 836 P.2d 591, 594.

John also relies on our decision in Stefonick v. Stefonick (1946), 118 Mont. 486, 167 P.2d 848, to support his position that periodic maintenance is preferable to lump sum maintenance. Stefonick sets forth two reasons why a lump sum should not be awarded. First, because maintenance is intended for the wife's support, a lump sum award may not reflect her continuing need, so that the wife may have a benefit of too great an award if she remarries, or acquires other income or property. Second, by awarding a lump sum, the court may have the power to increase the award if necessary, but the court deprives itself of the power to reduce the award. This Court reasoned in Stefonick that if possible the court should retain its power to modify the alimony provision either way. Stefonick, 167 P.2d at 855-56.

While, as we indicated in Stefonick, it may provide greater flexibility to the district court in terms of future modifications of a maintenance decree to award periodic versus lump sum maintenance, we also find no basis on which to prohibit such an award, if, in its discretion, the District Court determines that such an award both fulfills the statutory criteria set forth in § 40-4-203, MCA, and best meets the recipient's needs under the particular facts of the case at issue.

Having concluded that it was acceptable for the District Court to award Nancy lump sum maintenance, we next determine whether John

5

must pay the outstanding balance of the lump sum in light of Nancy's remarriage.

Nancy argues that John was ordered to pay her a lump sum certain in maintenance. She contends that maintenance in gross, or lump sum maintenance, is a vested right which does not terminate upon remarriage, regardless of whether the sum is to be paid in gross or in periodic payments.

This Court has never addressed the specific issue of whether a lump sum maintenance award terminates upon the recipient's remarriage. However, in Jones v. Flasted (1976), 169 Mont. 60, 544 P.2d 1231, we examined the issue of whether a settlement agreement which provided maintenance for a period of twenty years terminated upon the recipient's death. In that case we held that because the agreement to provide maintenance was personal to the wife, it terminated upon her death. Jones, 544 P.2d at 1235. In the instant case, however, Nancy, not her estate, would receive the outstanding balance of the maintenance award. This case is, therefore, distinguishable from Jones.

We find guidance on the specific issue raised by Nancy in 24 Am. Jur. 2d, Divorce and Separation § 635 (1983), which provides:

> Alimony in gross, or lump-sum alimony, is fundamentally the award of a definite sum of money; and if the sum is payable in installments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the obligor spouse or the remarriage of the dependent spouse. Gross alimony becomes a vested right from the date of rendition of the judgment, and the manner of its payment in no way affects its nature or effect. That the award is payable in installments is not determinative of the question whether it is gross alimony or periodic alimony. On the other hand, alimony orders generally

6

contemplate periodic payments of a definite sum for the indefinite future, and terminate on the death of either party or the remarriage of the dependent spouse.

Section 40-4-208(4), MCA, governs the obligation to pay future maintenance upon a party's remarriage. That section provides:

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

The Nevada Supreme Court in its decision Kishner v. Kishner (Nev. 1977), 562 P.2d 493, directly addressed the question at issue in this case and interpreted its own statute which is similar to Montana's. In Kishner, the husband was ordered to pay his wife lump-sum maintenance, to be paid in periodic payments over a period of eleven years. Kishner, 562 P.2d at 494. Upon the wife's remarriage, the wife moved the district court for a determination regarding what effect if any, her remarriage had on the ex-husband's obligation to pay maintenance, according to the provision in the judgment and decree. Kishner, 562 P.2d at 494. At the time of the wife's remarriage, Nevada's statute providing for the allowance of maintenance provided:

4. In the event of the death of either party or the subsequent remarriage of the wife, all alimony awarded by the decree shall cease, unless it shall have been otherwise ordered by the court.

Kishner, 562 P.2d at 495.

The district court held that the maintenance provision in the judgment and decree was ambiguous. The court nonetheless upheld the maintenance award, finding that it was allowable because the court had "otherwise ordered" the maintenance award. The husband

7

appealed this ruling. The Nevada Supreme Court affirmed the district court and stated:

> "Obviously, the purpose of both the court and the parties, in providing for or in accepting a gross allowance of alimony, is to define and fix with finality the scope of the rights and the obligations of the parties. In this case, it was designed to set the limits of the wife's right to alimony, and we have no doubt that the husband would have cushioned himself on the doctrine of vested rights, if the wife had attempted to institute proceedings to increase the amount. Without discussing the matter further, it is our view that an unqualified allowance in gross, in a divorce decree, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations as to be capable of a present vesting and to constitute an absolute judgment. . . If the judgment in this case was intended to be subject to a defeasance in case of the wife's remarriage [or death] it was necessary, since a vested right was involved, to have provided for such defeasance in the decree."

Kishner, 562 P.2d at 495-96, citing, Ziegenbein v. Damme (Neb. 1940), 292 N.W. 921.

We find this reasoning persuasive. In the instant case, the District Court awarded maintenance in gross payable in a lump sum or, alternatively, in installments and without provision for defeasance on Nancy's remarriage. In doing so, the court, under § 40-4-208(4), MCA, "expressly provided in the decree" that John's obligation to pay the entire maintenance award would survive Nancy's remarriage. Accordingly, we hold that Nancy's right to receive the entire lump sum maintenance award vested in her on entry of the decree, and must be paid by John in accordance with the terms of the decree, regardless of Nancy's remarriage.

8

According to the decree John was ordered to pay Nancy $42,000.00 as part of the property settlement distribution, and a lump sum maintenance award of $8,000.00. The parties have agreed that John has paid Nancy $43,280.00. We conclude that John now owes Nancy $6,270.00 as the following calculations indicate:

| | |
|---|---|
| Total Paid (stipulated figure) | $43,280.00 |
| Less property settlement | 42,000.00 |
| Total maintenance paid | $ 1,280.00 |
| | |
| Maintenance obligation per final decree | $8,000.00 |
| Less maintenance paid | (1,280.00) |
| Maintenance owing | $6,720.00 |

Because John has already refinanced the family home, paragraph seven is inapplicable as it concerns the payment amount to be made prior to refinancing the family home. Therefore, we hold that John must pay the balance of $6,720.00 owing to Nancy as a lump sum.

REVERSED AND REMANDED FOR FURTHER PROCEEDING CONSISTENT WITH THIS OPINION.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9