An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT SCHMIDT,
Appellant,
vs.
RENEE SCHMIDT,
Respondent.

No. 58450

FILED

JUN 1 4 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court post-divorce decree order regarding property settlement and alimony payments. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

Having considered the parties' arguments and the record on appeal, we conclude that the district court correctly found that it lacked jurisdiction to modify payments required by the parties' divorce decree almost two years after the decree was entered. *See Kramer v. Kramer*, 96 Nev. 759, 762, 616 P.2d 395, 397 (1980) (explaining that the district court is without jurisdiction to modify a property distribution set forth in a divorce decree when the motion to modify is made more than six months after the decree was entered). While appellant argues that the provision in the divorce decree from which he sought relief was actually a modifiable alimony provision, we agree with the district court that the divorce decree unambiguously provided that the payments at issue were property distributions, as they were to be made in the event that appellant failed to make a $200,000 lump sum payment that was expressly designated as a property settlement payment. *See Shelton v. Shelton*, 119 Nev. 492, 497, 78 P.3d 507, 510 (2003) (providing that a provision is ambiguous when "it

13-17593

is reasonably susceptible to more than one interpretation" (internal quotations omitted)). Further, to the extent that the transcript attached to the divorce decree was inconsistent with the unambiguous terms of the decree, the district court properly declined to consider the transcript to interpret the provision.[1] *See Kishner v. Kishner*, 93 Nev. 220, 225, 562 P.2d 493, 496 (1977) (noting that the district court may not construe a decree that is not ambiguous). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Charles J. Hoskin, District Judge, Family Court Division
       Lansford W. Levitt, Settlement Judge
       Mills & Mills
       Renee Schmidt
       Eighth District Court Clerk

---

[1]We decline to consider appellant's argument that the transcript was incorporated into the divorce decree pursuant to NRS 123.080, as appellant failed to raise that argument before the district court. *See State Bd. of Equalization v. Barta*, 124 Nev. 612, 621, 188 P.3d 1092, 1098 (2008) (providing that "this court generally will not consider arguments that a party raises for the first time on appeal").