# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL SCHLOTFELDT,
Appellant,
vs.
ALISA SCHLOTFELDT,
Respondent.

No. 69094

**FILED**

JUN 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order regarding child support arrears. Eighth Judicial District Court, Family Court Division, Clark County; Jennifer Elliott, Judge.

The parties divorced in March 2001, and appellant was ordered to pay monthly child support of $300 for each of their two children. In March 2002, the youngest child died in a car accident, and appellant was found responsible and spent 8 years in prison. In July 2006, the parties entered into a stipulation and order providing that upon appellant's release from prison he was to "pay all child support arrears and the current child support payment calculated by statute based upon his then income."

After appellant was released in April 2010, a hearing was held in a separate child support enforcement action and a master entered a recommendation that modified appellant's future child support payment to $328, and reduced to judgment $78,253.55, which included $57,596.27 for arrears, $16,577.28 for interest, and $4.080.00 for penalties. Appellant did not file an objection and the recommendation became a court order under NRS 425.3844(3)(a) on September 17, 2010. The child support issue came before a master again in 2014, who considered appellant's argument that the parties' 2006 stipulated order excluded the accrual of interest and penalties during the period of appellant's incarceration. In July 2014, the

master entered a recommendation for $37,780.48 in arrears, $19,910.18 in interest, and $4,025.08 in penalties, for a total of $61,715.74 owed. The master noted that equitable relief from the 2010 judgment for arrears might be available to address a latent ambiguity in the 2006 stipulated order concerning any waiver of interest and penalties.

In 2015, appellant filed a motion in the district court to modify, clarify, and set arrears and again argued that the 2010 judgment for arrears was incorrect because it failed to account for the 2006 stipulated order that waived interest and penalties during his incarceration. Appellant attached a May 2015 audit from the district attorney's office indicating that the arrears, interest, and penalties totaled only $31,076.29 as of April 2015. That audit also indicates that appellant's total child support arrears from August 2001 to April 2015, before adjusting for payments made, were only $50,244.00, which is less than the $57,596.27 in total arrears identified in the 2010 judgment. On October 8, 2015, the district court entered an order concluding that while the arrears appeared to have been miscalculated in the 2010 judgment, appellant's challenge was time-barred under NRCP 60(b). This appeal followed.[1]

Having considered the parties' arguments and the record before this court, we conclude that appellant's motion was not time-barred under NRCP 60(b). The district court retains inherent authority to

---

[1]Respondent initially argues that the October 2015 order is not appealable because it merely clarified a previous order entered in April 2015, from which appellant did not timely appeal. We conclude that respondent's argument lacks merit. *See Foster v. Dingwall*, 126 Nev. 49, 53 n.3, 228 P.3d 453, 456 n.3 (2010) (recognizing that an order denying NRCP 60(b) relief is independently appealable).

interpret and enforce its prior orders, which include the divorce decree and the 2006 stipulated order. *See Henson v. Henson,* 130 Nev., Adv. Op. 79, 334 P.3d 933, 937 n.6 (2014) (rejecting a timeliness challenge where the court was merely enforcing and effectuating the divorce decree and not modifying the parties' interests therein); *Kishner v. Kishner,* 93 Nev. 220, 225, 562 P.2d 493, 496 (1977) (noting the court's inherent authority to construe its judgments to remove an ambiguity). The 2010 judgment for arrears was entered in the separate child support enforcement case for the purpose of enforcing the support obligations arising from the district court divorce decree and 2006 stipulated order. Yet the 2010 judgment appears to contain a miscalculation of child support arrears. Thus, the district court was not precluded from considering the divorce decree and the 2006 stipulated order, determining the correct amount of arrears owed, and entering a judgment accordingly. We, therefore, reverse the district court's order and remand this matter to the district court for further proceedings.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:   Hon. Jennifer Elliott, District Judge, Family Court Division
      Michael Schlotfeldt
      Ilan Acherman
      Eighth District Court Clerk

