Warner M. KELLY, Appellant,

v.

W. M. WILLIAMS, Appellee.

No. 15822.

Court of Civil Appeals of Texas.

Dallas.

April 14, 1961.

Rehearing Denied May 12, 1961.

Clay C. Scott, Jr., Dallas, for appellant.

Brady, Drake, Yates & Wilson, Dallas, for appellee.

YOUNG, Justice.

In a non-jury trial, appellee Williams had obtained a judgment against Warner M. Kelly, father of the minor Warner S. Kelly, pursuant to provisions of Article 5923–1 Vernon's Ann.Civ.St. An appeal therefrom was taken asserting primarily an unconstitutionality of the statute.

Appellant's prefatory statement is quite general; and we must look to appellee's brief for adequate portrayal of background of suit. The minor, Warner S. Kelly, aged 15, had stolen plaintiff's Chevrolet car from a location in Dallas, undertaking to drive it to Denton, Texas. The boy had refused to stop at direction of a State Highway Patrolman following him, operating the stolen vehicle at 110 miles per hour; using counter-measures when the patrol car attempted to curb him. Warner, Jr. continued at excessive rates of speed north along the Highway, during nighttime traffic with patrol authorities firing gunshots at him and hitting the stolen car. A road block set up to stop him was avoided by the boy who again reached speeds of upwards of 110 miles per hour in a subsequent chase by two patrol cars. Thereafter, due to defective steering gear, caused by method of driving, the car became unmanageable and was rammed into a ditch alongside of the Highway by the boy with the police still in pursuit. The minor was unhurt, damages to the stolen car (plaintiff's) being in excess of $300 but limited to that amount under terms of the Statute.

Article 5923–1, V.A.C.S. inclusive of Title reads: "An Act to authorize the recovery of civil damages due to the malicious and wilful damage to or destruction of property by minors; limiting the amount of recovery to Three Hundred Dollars ($300); making the Act cumulative of other laws on the subject; and declaring an emergency."

"Section 1. Any property owner, including any municipal corporation, county, school district, or other political subdivision of the State of Texas, or any department or agency of the State of Texas, or any person, partnership, corporation or association, or any religious organization whether incorporated or unincorporated, shall be entitled to recover damages in an amount not to exceed Three Hundred Dollars ($300) from the parents of any minor under the age of eighteen (18) years and over the age of ten (10), who maliciously and wilfully damages or destroys property, real, personal or mixed, belonging to such owner. However, this Act shall not apply to parents whose parental custody and control of such child has been removed by court order, decree, or judgment."

"Section 2. The suit may be brought in any court of competent jurisdiction, and venue thereof shall be governed by the statutes regulating venue in actions based upon trespass. The recovery shall be limited to the actual damages in an amount not to exceed Three Hundred Dollars ($300), in addition to taxable court costs."

"Section 3. The action authorized in this Act shall be in addition to all other actions which the owner is entitled to maintain and nothing in this Act shall preclude recovery in a greater amount from the minor or from any person, including the parents, for damages to which such minor or other person would otherwise be liable, it being the purpose of this Act to authorize recovery from parents, and to limit the amount of recovery, in situations where they would not otherwise be liable."

Appellant's first three points attack the constitutionality of above Statute; (1) "because of the fact that the caption of said

Article is wholly inadequate to apprise the Legislature of the purpose of the act, and wholly failing to comply with the requirements of Article 3, Sec. 35 of the Texas Constitution which requires that an act of the Legislature shall have but one subject which shall be expressed in its title and the said title to this act being wholly insufficient for the reason it makes no reference whatsoever to liability of parents of minors for the malicious and wilful acts of minors;" (2) "for the reason that it is in violation of Article 1, Sec. 3 and Article 1, Sec. 19 of the Constitution of the State of Texas and is likewise in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, that the said act is unreasonable, arbitrary, capricious and discriminatory and particularly discriminates against this defendant and others of his class as to equal protection of the law and is violative of due process of law;" (3) "for the reason that said act is so vague, general, uncertain and indefinite as to render it impossible in enforcement, in that the language thereof purports to make the parents 'of minor children liable under the terms thereof', whereas under the laws of the State of Texas and the Constitution thereof it would be impossible to enforce such liability against the married mother of such minor, although the act purports to make such parents liable."

 Appellant calls attention to the settled purpose of Act. 3, Sec. 35, State Constitution Vernon's Ann.St.; that is, (1) to prevent "log-rolling" and "riders"; (2) to prevent surprise or fraud upon Legislators by means of provisions in Bills of which the titles give no intimation and which therefore might be overlooked and unintentionally adopted; (3) the titling of Legislative Acts insures that reasonable notice of the act be given to the people and public so that they may have an opportunity to be heard on the subject if desired. Sutherland on Statutory Construction, 3rd Ed. Vol. 1, Sec. 1702. It is strongly argued that the only inference to be drawn from wording of the title in question as to subject of the legislation is *minors,* whereas, from body of the act the only subject to be affected thereby are the *parents of minors.* Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865, 872, is cited stating that the word "subject" as used in the Constitution means "that which is to be dominated or controlled by the particular law;" the title at hand not making mention of the parties to be affected. While the Constitutional provision requiring the title to express the real subject of an act cannot be entirely ignored, Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966, same is to be construed liberally so as not to embarrass legislation by a construction whose strictness is unnecessary to accomplishment of the beneficial purpose for which it was adopted; Consolidated Underwriters v. Kirby Lumber Co., Tex.Comm. App., 267 S.W. 703; King v. Sheppard, Tex. Civ.App., 157 S.W.2d 682. The title here might well have included "liability of parents" but its omission, in our opinion, does not infringe upon Art. 3, Sec. 35 as liberally construed and interpreted by our Appellate Courts; the term minors being germane to and directly suggestive of parents.

Consistent with the foregoing, our Supreme Court in State v. Rubion, 308 S.W. 2d 4, 6, dealt with another Statute, the body of which gave right of recovery from "person or persons who may be legally liable for (the public patients) support, maintenance and treatment * * *", although title of the act made no mention of such means for carrying out the purpose of the Statute there under attack. The Court held: "It was the opinion of the Court of Civil Appeals that the statements in the caption or title of the Act to the effect that it was one for 'the better and more efficient care of epileptic patients at the Abilene State Hospital' and that it prescribed 'the means for admission' thereto were sufficient to give notice of the provisions of Section 11 and to meet the requirement of Section 35, Article 3, of the Constitution. 292 S.W.2d 655. We share that view, and accordingly hold that Section 11 of Article 3232a is not unconstitutional on the ground assigned.

Central Education Agency v. Independent School Dist. of City of El Paso, 152 Tex. 56, 254 S.W.2d 357, 361–363; Doeppenschmidt v. International & G. N. R. Co., 100 Tex. 532, 101 S.W. 1080; Harris County Water Control & Improvement District No. 39 v. Albright, 153 Tex. 94, 263 S.W.2d 944, 948." And in Continental Bus System v. Carney, Tex.Civ.App., 310 S.W.2d 676, 678 (writ ref.) similar subject matter being discussed, the following rule from 39 Tex.Jur. § 42, pp. 90–91 was applied: "Accordingly an act with one leading subject, which is expressed in its title, may contain appropriate provisions designed or tending to accomplish, effectuate or enforce the general object or purpose of the law. When the title expresses the main subject dealt with in the act, it embraces any lawful means for the accomplishment of the legislative object. It is immaterial that such subsidiary provisions are not expressly mentioned in the title, if they are legitimately connected with the subject expressed. In other words, any provision calculated to carry into effect the declared object of an act is unobjectionable, although not specially indicated in the title."

It was further stated that "Our Supreme Court in Central Education Agency v. Independent School Dist. of City of El Paso case, supra, held: In discussing Section 35, Article III of our State Constitution and the prior provision, Justice Bonner in Stone v. Brown, 54 Tex. 330, 343, states the true rule to be that 'none of the provisions of a statute should be regarded as unconstitutional where they relate, directly or indirectly, to the same subject, have a mutual connection, and are not foreign to the subject expressed in the title. So long as the subjects are of the same nature and come legitimately under one general denomination or object, we cannot say that the act is unconstitutional.' * * *."

■ Nor is point 2 sustainable. In the first place, and referable to Art. 1, § 3, State Constitution, there are reasonable grounds for restricting liability of the act to a natural parent or parents of offending minors in contrast to responsibility of those maintaining a secondary custody by "court order, decree, or judgment"; the statute operating equally upon all within the class involved. Friedman v. American Surety Co. of New York, 137 Tex. 149, 151 S.W.2d 570; Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570. Also reasonable is the limitation of parental liability to minors "under the age of eighteen (18) and over the age of ten (10)." Those over seventeen may well be assumed to have more of the qualities of self-control or discipline; while children of tender years should obviously be eliminated.

■ Remaining points may be disposed of briefly. (1) Appellant argues impossibility of enforcement of Art. 5923–1, presenting hypothetical situations aside from the issues involved in this, a suit against the natural father. (2) It is admitted that the unlawful taking of appellee's car constituted a wilful and intentional act, but it is argued that there was no intentional damage. We have here but one transaction, the damaged car proximately resulting from the initial theft. (3) Article 5923–1, does not require a showing of knowledge or participation by the parent or parents in the damages incurred to property of another, or neglect of parental authority in such connection; nor should such a requirement be read into the Statute. The points are overruled.

Twenty-four other states, inclusive of Alaska and Hawaii, have enacted comparable legislation, the constitutionality of which have never been under attack. Exhaustive law articles have also been written on the subject. All authors (see 37 Texas Law Review, p. 924) have endorsed these laws and have commented on the public justice accomplished by their passage. We quote the following from Villanova Law Review, Vol. 3, p. 529: "The Civil Codes of Europe, Central and South America, Quebec, Louisiana, Hawaii and Puerto Rico have always provided for parental liability for the torts of children." Now " * * * these legis-

latures * * * have decided that in all fairness, it is better that the parents of these young tort feasors be required to compensate those who are damaged, even though the parents be without fault, rather than to let the loss fall upon the innocent victims."

All points of appeal being considered and overruled, judgment of the trial court is accordingly affirmed.