Clifford B. BUIE, Appellant,

v.

Gerald LONGSPAUGH d/b/a Mesa, Inc.; Thornton Construction Co., Inc.; and Bill Latham, Appellee.

No. 18234.

Court of Civil Appeals of Texas, Fort Worth.

April 17, 1980.

Rehearing Denied May 15, 1980.

**674**

Touchstone, Bernays, Johnston, Beall & Smith, and Ronald W. Johnson, Dallas, for appellant.

Leeper & Priddy, and Charles S. Leeper, Fort Worth, for appellee Longspaugh d/b/a Mesa, Inc.

John D. Griggs, Dallas, for appellee Thornton Const. Co., Inc.

Garrett & Burkett, and Robert D. Akers, Fort Worth, for appellee Bill Latham.

## OPINION

SPURLOCK, Justice.

■ This is a vandalism case which involves construction of the parental liability provisions of Tex.Family Code Ann. §§ 33.-01–.03 (1975).* The question presented is whether § 33.02 of the Code, which limits a parent's liability for damage caused by wilful and malicious conduct of their minor children to an amount not to exceed $5,000, limits a parent's liability for several malicious acts to a total of $5,000, or whether that liability is limited to $5,000 per act. The trial court rendered judgment against the parent in the amount of $5,000 for each of three acts totaling $15,000.

We affirm.

This appeal is prosecuted upon an agreed stipulation of facts including the amount of damages. From this stipulation it appears that Linda Buie is the daughter of Clifford and Betty Buie. Jeanine Stephens is the daughter of Marion Stephens. Both Linda and Jeanine are minors between 12 and 18 years of age. They unlawfully entered three houses on November 30, 1975, plugged drains in various sinks therein, and turned on water, resulting in flood damage to each house in the amount of $5,000 or more. Gerald Longspaugh d/b/a Mesa, Inc., Thornton Construction Company, Inc., and Bill Latham each own one of the houses.

The owners sued Linda, Clifford and Betty Buie, and Jeanine and Marion Stephens. The owners waived recovery of any damages in excess of $5,000. The trial court rendered judgment against Linda Buie, Jeanine Stephens, Clifford Buie, and Marion Stephens, jointly and severally, that each owner recover $5,000 plus interest. Judgment was also rendered against Clifford Buie and Marion Stephens, jointly and severally, that each owner recover attorney's fees. Thus the judgment totals $15,000 plus interest and attorney's fees.

Clifford Buie is the only defendant prosecuting an appeal. Therefore, the judgment against the other defendants not appealing is final. Buie appeals only that portion of the judgment relating to damages. Buie contends that the trial court erred in rendering judgment against him for $15,000 in that it incorrectly construed § 33.02 of the Code.

Sections 33.01 and .02 of the Code provide as follows:

"Section 33.01. Liability

---

\* Hereinafter referred to as the Code.

"A parent or other person who has the duty of control and reasonable discipline of a child is liable for any property damage proximately caused by:

"(1) the negligent conduct of the child if the conduct is reasonably attributable to the negligent failure of the parent or other person to exercise that duty; or

"(2) the wilful and malicious conduct of a child who is at least 12 years of age but under 18 years of age."

"33.02. Limits of Recovery

"Recovery for damage caused by wilful and malicious conduct is limited to actual damages, not to exceed $5,000, plus court costs and reasonable attorneys' fees."

Specifically Buie contends that the trial court erred in failing to limit the recovery of damages to a total of $5,000 because it erroneously concluded that § 33.02 of the Code only limits recovery to $5,000 per wilful and malicious act. Buie contends that § 33.02 should be construed as limiting recovery to $5,000 per episode of wilful and malicious conduct. He argues that the parental liability sections of the Code are penal in nature rather than compensatory and should be strictly construed.

 It is well settled that the primary consideration of a reviewing court in construing a statute is to ascertain and enforce the legislature's intent in enacting the statute. 53 Tex.Jur.2d *Statutes* § 125 (1964). Thus we must determine the purpose of the parental liability provisions of the Code, and give effect to that purpose. Upon careful consideration we conclude that the purpose of these provisions is to protect and compensate property owners from the wilful and malicious destruction of their property by minors.

Prior to the enactment of the Texas Family Code, parental liability was governed by Article 5923-1 V.A.T.S. (1962) (Repealed). It provided as follows:

"Art. 5923-1. Malicious and wilful damage to or destruction of property—Civil liability of parents

"Section 1. Any property owner, including any municipal corporation, coun-

ty, school district, or other political subdivision of the State of Texas, or any department or agency of the State of Texas, or any person, partnership, corporation or association, or any religious organization whether incorporated or unincorporated, shall be entitled to recover damages in an amount not to exceed Three Hundred Dollars ($300) from the parents of any minor under the age of eighteen (18) years and over the age of ten (10), who maliciously and wilfully damages or destroys property, real, personal or mixed, belonging to such owner. However, this Act shall not apply to parents whose parental custody and control of such child has been removed by court order, decree, or judgment.

" . . ."

"Sec. 3. The action authorized in this Act shall be in addition to all other actions which the owner is entitled to maintain and nothing in this Act shall preclude recovery in a greater amount from the minor or from any other person, including the parents, for damages to which such minor or other person would otherwise be liable, *it being the purpose of this Act to authorize recovery from parents, and to limit the amount of the recovery,* in situations where they would not otherwise be liable." (Emphasis ours).

Note that the purpose of this Article as stated in § 3 is to authorize recovery in a limited amount. Also instructive is § 4, the emergency clause of House Bill 45 which became Art. 5923-1. It provided as follows:

"Sec. 4. The importance of this legislation to the *protection of property owners from the malicious or wilful acts of minors* creates an emergency . . . ." (Emphasis ours). 1 Tex.House Journal, 55th Leg. at 2149 (1957).

Under the prior parental liability statute, it is clear that each of the property owners in this case would have been able to recover. Thus liability would have been imposed for each wilful and malicious act. Applying the prior law it is clear the judgment in this case would have been proper. Thus we

must determine whether the legislature intended to change the purpose of the parental liability law by its enactment of the Code. After thoroughly reviewing §§ 33.-01–33.03 we conclude the purpose remains the protection of property owners from damage caused by the wilful and malicious conduct of minors. We find nothing in the language of the Code to indicate any change in intent. We note that the language limiting recovery in Article 5923–1 and § 33.02 of the Code are substantially the same.

Having decided that the purpose of these provisions is the protection of property owners we must construe the provisions in the manner which will make these sections of the Code as effective as possible in accomplishing the purpose intended. We conclude that construing § 33.02 as limiting recovery to $5,000 per wilful and malicious act, will make it most effective in protecting property owners. First, such a construction will afford property owners the greatest recovery possible. Second, such a construction will provide the greatest amount of encouragement for parents to train, control, and discipline their children.

Buie argues that such a construction of § 33.02 could lead to the financial destruction of parents if, for example, a particularly destructive child damaged a large number of houses in one episode. He concludes that this section should be construed to limit liability to $5,000 per episode to afford the parents an opportunity to discover the malicious conduct and discipline the child. We disagree that knowledge or discovery of a child's malicious conduct was intended to define the limits of a parent's liability under this section of the Code. We note that the following amendment to House Bill 45, which became Article 5923–1, was offered and rejected. This amendment would have imposed parental liability for malicious acts, "provided such Acts of damage or destruction were in part the result of failure on the part of such parent or parents to exercise proper surveillance and control over such minor." 1 Tex.House Journal, 55th Leg. at 2149 (1957).

Additionally, the court in *Kelly v. Williams*, 346 S.W.2d 434 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.) held that Article 5923–1 did not require a showing of knowledge or participation by the parents in the damages incurred, or the neglect of parental authority in such connection; nor should such requirements be read into the statute. There is nothing in our analysis of §§ 33.-01–.03 of the Code which indicates the implication of the element of knowledge or opportunity for correction as a requirement for liability or the limitation thereof. The legislature has by § 33.02 limited parental liability to an amount not to exceed $5,000 per malicious act. While we appreciate the possibility of financial hardship on parents of particularly destructive children, any further limitation of liability must be made by the legislature rather than by the courts.

Buie would have us determine whether the parental liability provisions are compensatory or penal in nature. Having held that the purpose of these sections is the protection of property owners from the wilful and malicious conduct of minors, we need not characterize these provisions as exclusively compensatory or penal. The provisions as we have construed them protect property owners by both compensating the owners for damages incurred, and by encouraging parents to train and discipline their children through the imposition of limited liability.

Finally, Buie contends that §§ 33.-01–.03 of the Code are unconstitutional as applied. His argument is similar to the constitutional questions raised in *Kelly, supra*. There the constitutionality of Article 5923–1 was attacked on the claims that the statute denied equal protection under the law and due process of law. The court in *Kelly* rejected these contentions. Likewise we hold that §§ 33.01–.03 of the Code do not deny equal protection under the law or due process of law.

We have severally considered each point of error presented in complaint of the trial court's judgment. Each is overruled. The judgment of the trial court is affirmed.