Adam HYMAN, Melvin Hyman, and Mrs. Melvin (Hope) Hyman, Appellants (Defendants Below),

v.

Shelby DAVIES and Bryant D. Riley, Appellees (Plaintiffs Below).

No. 3-383A62.

Court of Appeals of Indiana, Third District.

Sept. 7, 1983.

Mary E. Davis, Davis & Davis, P.C., Elkhart, for appellants.

HOFFMAN, Presiding Judge.

In July of 1981 Adam Hyman escaped from "house arrest" in his parents' home by climbing out a window sometime during the night. Adam then proceeded to a neighbors' house where he broke into and removed certain items from their van and stole their car. The car was driven by Adam to Dowagiac, Michigan so that he could purchase some drugs. Ms. Davies, the neighbor, reported the car stolen. Some three days later Adam was located by his father and returned by the police. The police also located the car which was retrieved by Ms. Davies.

When the car was returned to Ms. Davies, she noted that the body and the transmission had been damaged. Two hundred dollars in cash and a pair of eyeglasses had been removed from the car. Mr. Riley, the owner of the van that had been damaged the same night Ms. Davies' car was stolen, reported that ten dollars in cash was missing from the van along with a pair of eyeglasses and a microphone.

After Adam was returned his father agreed to pay for the damages he had caused if Davies and Riley would promise not to prosecute Adam. Although Davies and Riley agreed not to prosecute, Adam was prosecuted and Mr. Hyman refused to pay for the damages. Subsequently Davies and Riley brought separate actions pro se against the Hymans for the damages they suffered. These actions were brought in small claims court and judgments were entered for Mr. Riley and Ms. Davies. The Hymans appeal from both judgments which were consolidated for purposes of review.

Several issues have been raised by the Hymans for our review:

(1) whether a contract existed between Mr. Hyman and Ms. Davies for payment of the damages caused by Adam;

(2) whether the judgments entered by the court violate Ind.Code § 34–4–31–1 (1982 Burns Supp.);

(3) whether the evidence was sufficient to support the judgment with respect to the amount of damages; and

(4) whether the trial court erred in awarding exemplary damages.

■ Appellants present several theories in support of their argument that no contract existed between the parties to support an award of damages. It will suffice to note that any contract entered into by the parties wherein Mr. Hyman agreed to pay any damages caused by Adam in return for a promise not to prosecute is unenforceable for two reasons. First, such a contract is contrary to public policy inasmuch as it interferes with the fair and efficient operation of the criminal justice system. Secondly, the contract lacks consideration because a private citizen's promise not to prosecute has no effect since such decisions are a matter for the discretion of the state's prosecutor. However, a determination that no valid contract existed to support the award of damages has little effect on this matter as there is a wholly separate and valid basis which supports the trial court's award.

■ The Indiana Legislature enacted a statute which holds parents liable for property damage intentionally caused by their minor children. Quite clearly, the purpose of this statute is to protect innocent victims from damage by irresponsible judgment proof minors. The responsibility for the damage caused by a minor is placed upon his parents, within certain limitations, since it is the parents who have the duty of controlling and disciplining the behavior of their children. The statute states:

"A parent is liable for not more than seven hundred fifty dollars [$750] in actual damages arising from harm to property intentionally caused by his child if:

(1) he has custody of the child; and

(2) the child is living with him."

Appellants' attack the resting of the trial court's judgment on this statute for two reasons. First, appellants contend the statute holds parents liable for the acts of their children only when the property was damaged intentionally, which is not the case here. Second, the judgment of the trial court represents a total liability of some $2,700 which exceeds the statutory limit set for parental liability.

■ As to the appellants' first argument, this Court is not swayed by Adam's self-serving statement wherein he asserted that he had not intended to damage Ms. Davies' car. Nor does it appear the trial court was persuaded to believe this assertion. According to Ms. Davies the car was in undamaged working condition prior to being taken by Adam. It was stolen by Adam and returned damaged. The act of theft necessarily includes specific intent. Adam intentionally stole Ms. Davies' car and during his unauthorized use of the car it was damaged. From this evidence the trial court could infer that Adam's intentional conduct was the proximate cause of damage to the car. As such an inference is supported by the evidence and proceeds logically from the evidence, the judgment will not be overturned. *Devine v. Grace Construction and Supply Co.,* (1962) 243 Ind. 98, 181 N.E.2d 862.

■ In regard to the stolen cash, eyeglasses and microphone, the result is even clearer. These items were taken from Mr. Riley's and Ms. Davies' vehicles. Adam never denied taking them. The act of taking another person's property is intentional and damages the rightful owner in the amount of the value of that property. Thus, appellants' argument that the conversion of property for which Adam was charged with regard to these items does not fall within the statute is unavailing.

■ Finally, the Court reaches the award of lost wages and towing charges. Neither of these awards of damages reflects a damage to property nor do they arise from harm to property. Therefore, these specific

damages are not contemplated by the statute and should not have been held against the parents by the trial court.

Appellants next attack the amount of damages awarded by the trial court. As issues 2, 3, and 4 raised by appellants all involve a discussion of damages, they will be combined for review herein.

■ First, appellants' allege that Mr. Riley and Ms. Davies have failed to introduce sufficient evidence to support the trial court's award of damages. This argument is unavailing. Davies introduced exhibits consisting of estimates of the cost of repairs for her vehicle. Riley and Davies testified regarding the replacement cost of the items taken from their vehicles, as well as to the amount of cash stolen. On appeal uncertainty as to the exact amount of damages is resolved against the wrongdoer. *Floyd v. Jay Cty. Rural Elec. Membership Corp.,* (1980) Ind.App., 405 N.E.2d 630. This evidence is sufficient to support the trial court's award. *Hann v. State,* (1983) Ind. App., 447 N.E.2d 1144.

Next, appellants attack the trial court's award of exemplary damages. It is the appellants' contention that such an award is not supported in the law. This argument is in error.

■ A victim who is damaged as a result of another party's violation of Ind. Code § 35–43 may bring a civil action against that person for the recovery of treble damages. Ind.Code § 34–4–30–1 (1982 Burns Supp.). Theft and conversion both are included within the scope of this remedy. Adam committed a theft when he stole the car and at least committed a conversion of the specific items of property missing, if not a theft of them also. A recovery is permitted under this section even where the perpetrator has not been convicted so long as his actions amounted to a violation of the prescribed sections of the Indiana Code. *Americar Leasing, Inc. v. Maple,* (1980) Ind. App., 406 N.E.2d 333. Thus, the trial court did not err in awarding treble damages in the case at bar.

·Finally, appellants attack the trial court's judgment on the ground it exceeds the limit placed on parental liability by the very statute creating that liability. The statute clearly limits parental liability to $750. Appellants argue that the trial court's judgment which amounts to a total liability in excess of $2,700 exceeds that statutory limit. An answer to this argument requires a careful reading of the trial court's judgments.

It is important to note that two actions were brought by separate parties against appellants and were consolidated for appeal. It is not wholly correct to say these matters were consolidated because they arose out of the same incident. What is involved in the case at bar is two separate incidents of intentional damage to property which occurred on the same night, at the same locus, and were perpetrated by the same individual, Adam Hyman.

■ One incident involved the theft and damage of personal property belonging to Mr. Riley. The second incident involved the theft and damage of an auto and other personal property belonging to Ms. Davies. Consequently, as each incident is separate and relates to damage of property belonging to two separate individuals, the parents may be liable up to the statutory limit to each individual. Thus, the judgments must be viewed separately as they were entered.

The judgments as entered state:

"The Court directs the Clerk now to enter judgment in Cause Number SC 13445 in favor of plaintiff, Shelby J. Davies, and against defendants Adam Hyman, Melvin Hyman, and Hope Hyman for $601.50, plus the costs of this action, and to enter further judgment against Adam Hyman for $1,203.00.

"Further, the Court directs the Clerk now to enter judgment in Cause Number SC 13446 in favor of plaintiff, Bryant D. Riley, and against defendants, Melvin Hyman and Adam Hyman for $318.75, plus the costs of this action, and to enter further judgment against defendant Adam Hyman for $637.50."

The language used by the trial court indicates it was cognizant of the statutory limit

placed on parental liability. Each judgment was entered in two parts. The first part of each judgment recites the actual damages found by the trial court. This portion of the judgment was entered jointly against Adam and his parents. It is important to note that each of these judgments is below the statutory limit. For this reason the appellants' argument is unavailing.

 The second portion of the judgments while in excess of the statutory limit was entered against Adam Hyman solely. This portion of the judgments represents the award of treble damages allowed by Ind.Code § 34–4–30–1. As this portion of each judgment does not arise from property damage intentionally caused by Adam but rather by operation of statute, the parents cannot be held liable for that amount. Likewise, the first portion of the judgments which awards Mr. Riley and Ms. Davies recovery for lost wages and towing charges is not within the scope of the parental liability statute and accordingly must be entered against Adam solely and not jointly with his parents. Therefore, the decision of the trial court is affirmed in part and reversed in part and shall be remanded for a modification of the judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

GARRARD and STATON, JJ., concur.