NO.  94-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

---

MICHAEL JOHNSON,

Plaintiff and Appellant,

v.

DON DEMPSEY, SANDY DEMPSEY, and CODY
DEMPSEY, a Minor; DON DONER, MARY DONER,
and BRIAN and BRETT DONER,

Defendants and Respondents.



FILED

SEP 08 1995

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Beaverhead,
               The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Robert T. Cummins, Attorney at Law,
            Helena, Montana

        For Respondent:

            Ross P. Richardson, Mark A. Vucurovich,
            Henningsen, Vucurovich & Richardson,
            Butte, Montana (for Dempseys)

            Brendon J. Rohan, Poore, Roth & Robinson,
            Butte, Montana   (for Don and Mary Doner)

            Vincent J. Kozakiewicz, Attorney at Law,
            Dillon, Montana   (Brian and Brett Doner)

---

                          Submitted on Briefs:  May 25, 1995

                                  Decided:  September 8, 1995

Filed:

_____
            Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiff, Michael Johnson. filed a complaint in the District Court for the Fifth Judicial District in Beaverhead County in which he alleged that the defendant parents were liable for damages to his property caused by the defendants' children. The District Court denied the parents' motions for summary judgment, but concluded that the parents' potential liability was $2,600 per child, plus costs, pursuant to §§ 40-6-237 and -238, MCA. The parents deposited $7,890 with the clerk of court and moved the court to dismiss them as defendants. The District Court granted the parents' motions. Johnson appeals from the District Court's order. We affirm the District Court.

The issue on appeal is:

Did the District Court err when it held that liability imposed upon parents pursuant to § 40-6-237, MCA, is limited to $2,600, plus costs, per child based on the facts in this case?

<u>FACTUAL  BACKGROUND</u>

Michael Johnson owns an automobile salvage yard north of Dillon where he keeps automobiles and building and salvage materials. Brian and Brett Doner are brothers under the age of 18, and are the sons of Mary and Don Doner. Cody Dempsey is under the age of 18, and is the son of Sandy and Don Dempsey. Johnson alleged that Brian, Brett, and Cody entered his salvage yard on May 24, 25, and 26, 1991, vandalized vehicles, building materials, and other supplies, and caused him damages in excess of $27,750. The parents acknowledged that Brian, Brett, and Cody entered

2

Johnson's property on or before May 26, 1991, but contended that for purposes of Montana's parental liability statutes, the boys' alleged acts gave rise to a single claim for damage.

On March 1 and March 8, 1994, the parents moved for summary judgment and filed their supporting memorandum. On March 11, 1994, Johnson filed his brief in response to the parents' motions.

The court denied the parents' motions, but offered an Explanatory Comment concerning its interpretation of the parental liability statutes. In the Comment, the court stated that when, "the alleged damage occurred to property in the same location and substantially at one time (the complaint says twice on 5/26/91, while plaintiffs' brief indicates on 5/24-25-26/91), that the parents' liability is limited to $2,600 per child." Based on this conclusion, the court found the Dempseys liable for $2,600 plus costs, and the Doners liable for $5,200 plus costs, for a total of $7,890.

The Dempseys and Doners subsequently deposited $7,890 with the Beaverhead County Clerk of Court and filed motions in which they requested the District Court to dismiss them as defendants. The court granted the parents' motions and ordered the clerk of court to disburse the $7,890 to Johnson. Johnson appeals from the District Court's dismissal order.

DISCUSSION

Did the District Court err when it held that liability imposed upon parents pursuant to § 40-6-237, MCA, is limited to $2,600, plus costs, per child based on the facts in this case?

We review a district court's conclusions of law to determine whether the court's application of the law was correct. In *re Marriage of Schara* (Mont. 1994), 878 P.2d 908, 910, 51 St. Rep. 676, 677 (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 269, 852 P.2d 616, 619).

Montana case law provides that a parent is not liable for his or her child's torts. *J.L. v. Kienenberger* (1993), 257 Mont. 113, 117-18, 848 P.2d 472, 475. The District Court recognized this principle, when it stated in its Comment that "[p]arents are not ordinarily liable for a child's torts in [the] absence of negligence or a respondeat superior situation, but may be statutorily liable in Montana in limited situations . . ." *In Kienenberger*, 848 P. 2d at 475, we held that a parent could be liable based on the doctrine of *respondeat superior* if a child acted as that parent's agent. Moreover, § 27-1-718(2), MCA, imposes liability on parents for up to $500 when a minor child shoplifts.

Here, neither of these specific exceptions applies. Instead, Johnson based his complaint on Montana's parental liability statutes. These statutes provide, in relevant part:

> Any . person . is entitled to recover damages in
> a civil action in an amount not to exceed $2,500 . .
> from the parents of any person under the age of 18 years,
> living with the parents, who shall maliciously or
> willfully destroy property . .

Section 40-6-237, MCA.

> The recovery shall be limited to the actual damages in an
> amount not to exceed $2,500 in addition to taxable court

4

costs and a reasonable attorney's fee to be set by the court not to exceed $100.

Section 40-6-238, MCA.

In support of his argument that the District Court erred, Johnson relies on what he calls "the practical approach to the [parental liability] statute." He claims that the parental liability statutes impose a duty on parents to control their children and prevent them from maliciously or willfully destroying others' property. Johnson further contends that at the very least the parents are liable for the statutory maximum, multiplied by the number of children, multiplied by the number of days the children entered his salvage yard and damaged his property. By his calculation, the parents have a minimum liability by statute in the amount of $23,400. Johnson bases his contention on the Texas case of *Buie v. Longspaugh, et al.* (Tex. Civ. App. 1980), 598 S.W.2d 673. In *Buie*, the court considered whether Texas's parental liability statute **limits a** parent's liability for several acts to a total of $5,000 (the statutory **maximum) or to $5,000** per act.

In *Buie*, two minors with different parents entered and damaged three homes belonging to three different people. The court concluded that each parent of the two minors was liable to each homeowner, up to the statutory maximum, for each of their child's separate acts (i.e., **$5,000** x **3** (homeowners) x 1 (minor) or $15,000 per parent). *Buie*, 598 S.W.2d at 676. However, the facts in *Buie* are distinguishable from those in this case. In *Buie*, there were three **victims,** whereas here there is one victim. In *Buie*, the

5

damage occurred at three homes. In this case, the damages occurred at one site. Johnson is correct when he states that "[t]he fact that the damages here occurred on 3 different days makes the application of the [parental liability] statute unique from the decisions of other states." *See, e.g., Lewis v. Martin (1968)*, 240 N.E.2d 913 (four children of same parents damaged one person's home and the court found parents liable for statutory maximum multiplied by four); *Hyman v. Davies* (Ind. App. 1983), 453 N.E.2d 336 (one minor at same site and on same day stole and damaged property belonging to two people, and court found minor's parents liable for statutory maximum to each property owner). We do not, however, find Johnson's reliance on *Buie* persuasive.

Montana's parental liability statutes do not specifically establish liability for each malicious or willful act committed. Section 40-6-237, MCA, provides that "<u>any</u> . person . . is entitled to recover damages from the parents of any person under the age of 18 years ." (Emphasis added.) Johnson, as the person whose property was damaged, is entitled to recover damages against the parents of any child who damages his property. In the case at bar, there were three children involved in the property damage. Therefore, each parent is liable for the act or acts of each of his or her children.

The dispositive question is how many acts were committed *for* purposes of the parental liability statutes. Based on the pleadings, there is a dispute as to how many times the children

entered Johnson's salvage yard. However, for purposes of this appeal, we will assume that the allegations in Johnson's District Court brief are correct. Johnson alleges that the children entered his property three times: May 24, 25, and 26, 1991, damaging his property on each day. He contends that this amounts to a minimum of three separate acts per child. The parents contend, however, that, because Johnson's property damage occurred at the same location and at substantially one time, there was, for purposes of the parental liability statutes, one act per child.

The Montana Legislature undoubtedly enacted §§ 40-f-237 and -238, MCA, to protect third parties against property damage caused by minors. Other state courts, as well as at least one commentator, have expressed this view. *See, e.g., Buie*, 598 S.W.2d at *676; Hyman*, 453 N.E.2d at 338 (statute designed to protect innocent victims from damage by "irresponsible judgment proof minors"); T. H. Stokes, *Liability of Insurer Under Personal Liability Policy for Damage Caused by Wilful Misconduct of Insured's Child--Application of New California Statute,* 7 Hastings L . J 98, 100-01 *(1955)* ("The most obvious aim [of the parental liability statute] is to provide a satisfactory remedy for innocent third parties injured by a minor, where for all practical purposes they would have none under common law.")

The parental liability statutes serve the valid public policy of protecting innocent third parties against property damage by minors. However, we conclude that when it enacted Montana's parental liability statutes, the Legislature also intended that

7

parents not be exposed to substantial liability for damages caused by their children which was not the fault of the parent. Section 40-6-238, MCA, is clear when it states that "[t]he recovery shall be limited to the actual damages in an amount not to exceed $2,500 . . . ." (Emphasis added.)

We conclude, therefore, pursuant to Montana's parental liability statutes found at §§ 40-6-237 and -238, MCA, that when malicious or willful acts of a child occur at substantially the same time (as we conclude they did in this case), and to substantially the same property (as we conclude was done in this case), each parent's liability is limited to a maximum of $2,600, plus costs, for each of that parent's children who are at fault.

We recognize, as did the District Court, however, that because the statutes with which we are concerned lack specificity, they must necessarily be applied on a case-by-case basis considering such variables as the number of victims, the number of children, the time between acts of vandalism, and the nature of damage caused where more than one act is complained of.

Based on the facts in this case, we affirm the judgment of the District Court.

_____
Ju tick

We concur:

_____

8

Karla M. Gray

William E. Hunt

W. William Leaphart
Justices

September 8, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to **the** following named:

Michael Johnson
1300 Highway 91 No.
Dillon. MT 59725

ROBERT T. CUMMINS
Attorney at Law
One North Last Chance Gulch
Helena, MT 59601

Mark A. Vucurovich, Esq.
Henningsen, Vucurovich & Richardson
P.O. Box 399
Butte, MT 59703

Brendon J. Rohan, Esq.
Poore, Roth & Robinson
1341 Harrison Ave.
Butte, MT 59701

Vincent J. Kozakiewicz
Attorney at Law
P.O. Box 588
Dillon, MT 59725

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _S. Gallagher_
Deputy.