247 S.W.3d 802 (2008)
In the Matter of D.K.
No. 05-07-00224-CV.
Court of Appeals of Texas, Dallas.
March 19, 2008.
Dean M. Swanda, Swanda & Swanda, P.C., Arlington, for Appellant.
Craig Watkins, Dallas County Dist. Atty., Dallas, for Appellee.
Before Justices MORRIS, WRIGHT, and MOSELEY.

OPINION
Opinion by Justice WRIGHT.
The trial court found that D.K., a juvenile, was a child engaged in delinquent conduct when he committed criminal mischief and ordered him to pay restitution in the amount of $9,336.10. In a single issue, appellant claims the evidence is factually insufficient to support the award of restitution. We overrule appellant's sole issue and affirm the trial court's order.
*803 On March 23, 2006, the Rowlett police department was called to investigate a possible burglary at a vacant day care center. When officers arrived, they observed several broken windows and could hear voices and the sound of glass breaking coming from inside the building. The officers entered the building and found three male juveniles, D.K. and his two brothers. The inside of the building was severely damaged with many broken fixtures including lights, ceiling panels, and interior windows. Additionally, D.K. and his brothers had poked holes in the walls, damaged cabinets and interior doors, and destroyed a television set. The officers arrested the boys, and the State filed a petition of delinquent conduct.
Thereafter, D.K. pleaded true to the state jail felony offense of criminal mischief. The trial court declared D.K. a child engaged in delinquent conduct. The trial court placed D.K. on probation for twelve months under the supervision of his father and ordered restitution in the amount of $9,336.10 to be paid in monthly installments to the victim of the offense. This appeal followed.
An award of restitution in a juvenile case is reviewed under an abuse of discretion standard. See In re D.M., 191 S.W.3d 381, 393 (Tex.App.-Austin 2006, pet. denied). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds of error but are factors to be considered in determining whether the trial court abused its discretion. Id. A trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard to guiding principles of law, or without supporting evidence. Id.
D.K.'s contention that the evidence is insufficient to support the order of restitution focuses on the requirements of Texas Family Code section 54.041(b). That section requires that a program of restitution "promote the rehabilitation of the child, be appropriate to the age and physical, emotional, and mental abilities of the child, and not conflict with the child's schooling." See TEX. FAM.CODE ANN. § 54.01(b) (Vernon Supp.2007). D.K. claims the evidence shows that, at the time of trial, he was fifteen-years-old and had been diagnosed with ADHD and bi-polar disorder. D.K. contends the monthly restitution payments would require him to obtain full-time employment, which would be difficult given his mental and emotional issues, and full-time employment would disrupt his schooling. These facts, according to D.K., show that the trial court's order does not comply with the requirements of section 54.041(b). Further, D.K. contends the onerous nature of the restitution order counters the goal of rehabilitation by teaching him the law is oppressive and imposes demands that cannot be met. We disagree with D.K.'s assessment of the restitution order for several reasons.
First, the restitution order was imposed not only on D.K., but also on his brothers and his father, jointly and severally. D.K. would not necessarily be required to seek full-time employment for the restitution to be made. Although the record contains an affidavit of indigency filed by D.K.'s father, there is no evidence in the record to show it would not be possible for the family to jointly pay the restitution as ordered. Second, the amount of restitution set by the trial court is supported by evidence in the record on the cost of repairs made to the building D.K. and his brothers vandalized. The State presented both testimonial and documentary evidence of the repair work. The $9,336.10 in restitution ordered by the trial court corresponds to the combined total of the invoices submitted by the State. D.K. does not challenge the validity of this evidence or the necessity of the repairs. The amount of restitution was *804 not designed to cause hardship to E.K. or his family but to compensate the victim for the amount of damages he suffered due to the delinquent conduct. The law promotes the protection of property owners and provides compensation for them for the wilful and malicious destruction of their property by minors. See TEX. FAM.CODE ANN. § 41.001 (Vernon 2002); Buie v. Longspaugh, 598 S.W.2d 673, 675 (Tex.Civ.App.-Fort Worth 1980, writ ref'd n.r.e.). Finally, the record supports the imposition of restitution in this case for the rehabilitative purpose of impressing upon D.K. the seriousness of his actions. At the conclusion of the proceedings, the trial judge noted that D.K. and his brothers did not appear to take the charges made against them seriously. The judge observed that the boys misbehaved in court by joking and "kidding around" with one another. Restitution can be an effective means to impress upon a juvenile the serious consequences of delinquent behavior, including financial consequences. See D.M., 191 S.W.3d at 394.
Based on the foregoing, we conclude the trial court did not abuse its discretion in awarding restitution in the amount of $9,336.10. We overrule appellant's sole issue.
Accordingly, we affirm the trial court's judgment.