Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





## MEMORANDUM OPINION

Nos. 04-09-00592-CV & 04-09-00593-CV

### IN THE MATTER OF D.S.W

From the 289th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009-JUV-01290 & 2009-JUV-01291
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:    September 1, 2010

AFFIRMED IN PART; REVERSED AND VACATED IN PART; SET ASIDE AND
            REMANDED IN PART

This is an appeal of two juvenile cases. In cause number 2009-JUV-01290, D.S.W. pled true to arson of a habitation causing bodily injury and to arson of a habitation. In 2009-JUV-01291, D.S.W. pled true to three counts of arson of a habitation causing bodily injury and to arson of a habitation. The trial court found a need for disposition and committed D.S.W. to the Texas Youth Commission. The court also ordered restitution in the total amount of $477,556.72, to be owed jointly and severally by D.S.W. and his mother.

D.S.W. brings three issues on appeal. In his first two issues on appeal, D.S.W. contends his double jeopardy rights were violated in each case when he was adjudicated for arson of a habitation causing bodily injury and for arson of a habitation. The State agrees that D.S.W.'s

double jeopardy rights were violated and, therefore, we will sustain D.S.W.'s first two issues on appeal. In his third issue, D.S.W. argues "[t]he trial court abused its discretion when it ordered restitution in the aggregate amount of $477,556.75, because this extraordinary amount of restitution is not appropriate to the age and physical, emotional, and mental abilities of [D.S.W.], and is not supported in the record." We agree that the amount of restitution is not supported in the record. Therefore, we set aside the restitution orders and remand to the trial court for a new hearing on restitution. We affirm the trial court's disposition orders in all other respects.

## DISCUSSION

*A.     Double Jeopardy*

D.S.W. was charged with setting two fires in two adjacent apartment buildings on two different dates. The owner of the building where the first fire was started was William Ponce. A firefighter, Yasha Stanford, was injured while fighting the first fire. The owner of the building where the second fire was started was Alex Mathes. Three firefighters, Leonard Weir, Erick Vargas, and Nohemi Gonzalez, were injured while fighting the second fire.

At the adjudication and disposition hearings, with respect to Cause No. 2009-JUV-01290, D.S.W. pled true to Count I, which alleged arson of a habitation causing bodily injury to firefighter, Yasha Stanford, and to Count II, which alleged arson of a habitation. Also at the hearings, with respect to Cause No. 2009-JUV-01291, D.S.W. pled true to Count I, which alleged arson of a habitation causing bodily injury to firefighter, Leonard Weir; to Count II, which alleged arson of a habitation causing bodily injury to firefighter, Erick Vargas; to Count III, which alleged arson of a habitation causing bodily injury to firefighter, Nohemi Gonzalez; and to Count IV, which alleged arson of a habitation.

D.S.W. argues that his right to be free from double jeopardy was violated in both cases for the same reason — in each case, there was only one fire. And, because there was only one fire in each case, D.S.W. argues the offense of arson was complete when he started each fire, and therefore, he committed only one offense in each case. Thus, according to D.S.W., the adjudication in 2009-JUV-01290 for the less serious offense of arson of a habitation, alleged in Count II, must be vacated. Likewise, D.S.W. argues three of the four adjudications in 2009-JUV-01291 must be vacated — the less serious offense of arson of a habitation, alleged in Count IV, and two of the three adjudications for equally serious offenses, Count II and III. Adjudications for Count I in 2009-JUV-01290 and Count I in 2009-JUV-01291 would remain. The State agrees. We therefore sustain D.S.W.'s first two issues on appeal, vacate the Count II adjudication in 2009-JUV-01290, vacate the Counts II, III and IV adjudications in 2009-JUV-01291, and reform the orders of adjudication and disposition to so reflect. *See Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009) (explaining that the remedy for a double jeopardy violation is to retain the most serious offense and vacate the others); *Berger v. State*, 104 S.W.3d 199, 205 (Tex. App.—Austin 2003, no pet.) ("When there has been an impermissible conviction of a defendant in violation of double jeopardy as in the instant case, the proper remedy is to reform the judgment by vacating the offense with the least serious punishment.").

In his third issue on appeal, D.S.W. argues the amount of restitution ordered by the trial court amounted to an abuse of discretion because the amount ordered is not appropriate to his age and physical, emotional, and mental abilities and because it was not supported by the record.

We review an award of restitution in a juvenile case under an abuse of discretion standard. *In re D.K.*, 247 S.W.3d 802, 803 (Tex. App.—Dallas 2008, no pet.). Under this standard, legal and factual sufficiency are not independent grounds of error but are factors we

consider in determining whether the trial court abused its discretion. *Id.* And, a trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard to guiding principles of law, or without supporting evidence. *Id.*

Because juvenile proceedings are considered quasi-criminal, the rules of restitution for criminal cases apply to restitution ordered by a court in a juvenile proceeding. *In re D.S.*, 921 S.W.2d 860, 861 (Tex. App.—San Antonio 1996, no writ). The amount of restitution ordered must be "just," that is, supported by a factual basis within the record. *Thompson v. State*, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977); *In re J.R.*, 907 S.W.2d 107, 109 (Tex. App.—Austin 1995, no writ). When the amount of restitution is not supported by the record, the proper procedure on appeal is to set aside the amount of restitution and remand the case for a hearing to determine a just amount of restitution. *Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000).

In cause number 2009-JUV-01290, the trial court ordered restitution to be paid to the property owner, William Ponce, in the amount of $2,240.00 and to the property insurer, American Reliable Insurance Company in the amount of $226,887.38. The evidence relating to the amount of loss incurred in 2009-JUV-01290 consisted of the fire marshal's report, William Ponce's unsworn affidavit, and American Reliable Insurance Company's loss run statement. The fire marshal's report stated that the building was owned by William Ponce, that the building was appraised for $218,180.00 in 2008, that it was insured by Voyager Indemnity Insurance Company for $224,000.00, that the policy was in effect from May 16, 2008, until May 16, 2009, and that the policy number was TSG019061. The unsworn affidavit of William Ponce declared that the amount of pecuniary loss to the building was $224,000.00. The American Reliable Insurance Company's loss run statement indicated that it was for policy number TSG019061

with an effective date of May 16, 2008, until May 16, 2009. The statement included William Ponce's name and the address of the property that was lost. It also contained a series of columns indicating "Payments" at the "Policy Total" of $224,000.00, "L.A.E." of $2,887.38, and "Total Inc." of $226,887.38. One might speculate that William Ponce's deductible under the insurance policy was $2,240.00; however, there is no evidence in the record to support payment of restitution to William Ponce for any amount. Further, one might speculate that American Reliable Insurance Company insured the property for $224,000.00, but paid out $226,887.38, which included an amount for "L.A.E." There is nothing in the record explaining what the "L.A.E." amount is. Yet, the "Policy Total" plus the "L.A.E." is the amount the court ordered in restitution to American Reliable Insurance Company.

In cause number 2009-JUV-01291, restitution was ordered in the amount of $248,429.37 to Wachovia Bank Account #5320511000161788. The evidence relating to the amount of loss incurred in 2009-JUV-01291 consisted of the fire marshal's report and a letter dated July 2, 2009. The fire marshal's report stated that the building was owned by Alexander and Alejandra Mathes and was appraised for $209,880.00 in 2008. It further indicated the building was insured by Farmers Insurance Group for $250,000.00, the policy was in effect from December 21, 2008, until December 21, 2009, and the policy number was 60470-29-76. The July 2, 2009, letter was addressed to "Leslie Lovelace" and signed by "Kath White, Bankruptcy Specialist." The letter identified the "Customer" as Alejandra Matthes and lists the address of the destroyed property as "Collateral." The letter indicated the payoff amount was $248,429.37 and stated payment should be sent to Wachovia Bank. The letter did not identify Leslie Lovelace nor did it identify Kath White with any certainty since the letter was not written on letterhead stationery. Again, one might speculate that Wachovia Bank was the mortgagor on the destroyed property and that the

payoff amount was to be paid because of the fire; however, there is no evidence in the record to support that assumption.

Because the amount the trial court ordered in restitution is not adequately supported in the record and requires some amount of speculation, we set aside the restitution orders and remand the causes to the trial court for a new hearing on restitution.[1]

CONCLUSION

Because D.S.W.'s right to be free from double jeopardy was violated, with respect to Cause No. 2009-JUV-01290, we reverse the trial court's order of adjudication in part and vacate the order of adjudication for Count II. With respect to Cause No. 2009-JUV-01291, we reverse the trial court's order of adjudication in part and vacate the order of adjudication for Counts II, III, and IV. Further, because the amount the trial court ordered in restitution is not adequately supported in the record, we set aside the orders of disposition with respect to restitution and remand the causes to the trial court for a new hearing on restitution. The trial court's orders are affirmed in all other respects.

Karen Angelini, Justice

---

[1] Because we are remanding the causes for a new restitution hearing, we need not address D.S.W.'s contention that the amount of restitution ordered is excessive because it is not appropriate to his age and physical, emotional, and mental abilities.