**Reversed and Remand in part, Affirmed in part, and Opinion Filed August 12, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00562-CV**

**IN THE MATTER OF D.L., A JUVENILE**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-19-01412-X**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Partida-Kipness

D.L. appeals the trial court's restitution order in a juvenile proceeding that arose from D.L.'s participation in an aggravated robbery and theft of a motor vehicle. As part of its judgment, the trial court ordered D.L. to pay restitution to the owner of the stolen vehicle, which was damaged in an accident after a police chase. In one issue, D.L. contends the trial court abused its discretion by ordering restitution because the owner had already been made whole by her insurance company. We reverse the trial court's judgment as to the restitution order and remand the case for a new restitution hearing.

# BACKGROUND

On the evening of December 13, 2019, D.L. and another individual, C.D., stole a motor vehicle from Porsha Dunn. Dunn had just arrived at her cousin's apartment and was walking to the building when two individuals approached her. One had a gun and demanded her money and cell phone. The individual with the gun was C.D., and the other individual was D.L. Dunn dropped her car keys and ran toward her cousin's apartment. D.L. grabbed the keys, and he and C.D. left in Dunn's vehicle. D.L. was driving the vehicle.

Dunn called the police from her cousin's apartment. Police located her vehicle a short time later. When they attempted to stop the vehicle, C.D. exited the vehicle and fled on foot as D.L. sped away in the vehicle. D.L. struck another vehicle owned and driven by Aung Hodge. The collision damaged both vehicles. D.L. continued past Hodge's vehicle and struck a speed limit sign. Dunn's vehicle became disabled at that point, and D.L. fled on foot. He was later arrested. Dunn's vehicle was totaled in the collisions.

The State filed a petition of delinquent conduct, alleging that D.L. committed aggravated robbery, failed to remain at the scene of an accident, and evaded arrest. At the disposition hearing on the State's petition, D.L. pleaded true to the allegations. The trial court issued a judgment committing D.L. to the custody of the Texas Juvenile Justice Department and ordering D.L. and his mother to pay $4,000 in

restitution to Dunn. The trial court also issued a judgment to Dunn for the restitution owed by D.L. and his mother. This appeal followed.

## ANALYSIS

In his sole issue, D.L. contends the trial court abused its discretion in awarding restitution to Dunn because she had already been made whole by her insurance company. The State agrees.

We review an award of restitution in a juvenile case for an abuse of discretion. *In re D.K.*, 247 S.W.3d 802, 803 (Tex. App.—Dallas 2008, no pet.). Under this standard, legal and factual sufficiency are not independent grounds of error but are factors we consider in determining whether the trial court abused its discretion. *Id*. A trial court abuses its discretion when it acts arbitrarily, unreasonably, without regard to guiding principles of law, or without supporting evidence. *Id*.

Although juvenile cases are civil cases, they are considered quasi-criminal, and the courts of appeals have looked to criminal case law in reviewing restitution awards. *In re J.G.*, No. 05-08-00750-CV, 2009 WL 1240094, at *3 (Tex. App.—Dallas May 6, 2009, no pet.) (mem. op.); *see also In re D.M.*, 191 S.W.3d 381, 384 (Tex. App.—Austin 2006, pet. denied) ("Portions of juvenile proceedings are governed by the rules of criminal proceedings . . . ."); *In re C.T.*, 43 S.W.3d 600, 602 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.) ("[T]he rules of restitution in criminal cases apply to juvenile cases."). Under criminal law, a court may order restitution only in an amount that is just, has a factual basis within the loss of the

victim, and is for an offense for which the defendant is criminally responsible. *Sanchez v. State*, No. 05-15-00098-CR, 2016 WL 3947841, at *5 (Tex. App.—Dallas July 15, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Campbell v. State*, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999)).

D.L. contends the trial court erred by awarding restitution because the amount awarded is above Dunn's actual damages. Dunn testified at the disposition hearing that her insurance carrier had paid for the damage to her vehicle and that she did not want restitution. Instead, she wanted D.L. to pay Hodge's insurer. According to Dunn, an attorney representing Hodge's insurer was demanding $4,000 as reimbursement for covered damage to Hodge's vehicle caused when Dunn's vehicle struck it. The attorney allegedly threatened to file a lawsuit if Dunn did not pay. Thus, Dunn asked the court to order D.L. to reimburse Hodge's insurance company for the loss. Dunn also testified, however, that she was attempting to obtain a police report to prove she was not liable for the damage to Hodge's vehicle because her vehicle was stolen at the time of the collision. Generally, a vehicle owner is not responsible for personal injury or property damage caused by a thief who steals the vehicle, because the theft is not reasonably foreseeable. *Stephens v. Crowder Invs., Inc.*, 841 S.W.2d 947, 948–49 (Tex. App.—Waco 1992, no writ) (citing *Wolf v. Friedman Steel Sales, Inc.*, 717 S.W.2d 669, 672 (Tex. App.—Texarkana 1986, writ ref'd n.r.e.)). Considering the evidence indicating that Dunn had no additional damages arising from the damage to her vehicle and was not presently liable for the

–4–

damage to Hodge's vehicle, we conclude the evidence is not factually sufficient to support the trial court's restitution order. *See In re D.K.*, 247 S.W.3d at 803. Thus, we sustain D.L.'s sole issue on appeal.

## CONCLUSION

The trial court ordered D.L. to pay $4,000 in restitution to Dunn based on the demand and lawsuit threatened by Hodge's insurer. The record reflects, however, that Dunn had been made whole by her insurer for damage to her vehicle and she was not yet liable for Hodge's loss. Thus, the trial court abused its discretion in awarding restitution beyond Dunn's actual damages. Accordingly, we reverse the trial court's judgment as to the restitution order and remand the case for a new restitution hearing. We affirm the remainder of the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200562F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE MATTER OF D.L., A
JUVENILE

No. 05-20-00562-CV

On Appeal from the 305th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. JD-19-01412-
X.
Opinion delivered by Justice Partida-
Kipness. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment ordering D.L. and his mother to pay restitution. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for a new restitution hearing.

Judgment entered August 12, 2021.